OPINION
Plaintiff-appellant, Firstmerit Bank, N.A., appeals a decision issued in Mahoning County Court #5, vacating a judgment in favor of appellant in its action against defendant-appellee, Vince Marzano.
Appellant is the holder of a promissory note executed by appellee in connection with a consumer loan for the purchase of a boat. On March 2, 1998, appellant filed a complaint in Mahoning County Court #5 in Canfield, Ohio, alleging that appellee had failed to make the required payments and declaring the entire balance and interest due. The complaint sought the sum of $7,036.53 plus interest at the rate of 10.25 percent per annum as of February 5, 1998. Appellee did not file a responsive pleading, and the matter was heard on April 24, 1998 at which time appellant was granted judgment in its favor.
On June 5, 1998, appellee filed a Motion to Vacate Per Civil Rule 60(B). Appellant filed a memorandum in opposition to appellee's motion and the matter was set for hearing.
A hearing was held on July 24, 1998 at which counsel for appellee made an oral request for leave to amend the motion. Over appellant's objection, appellee was granted one week to file an amended motion, said motion to be filed by August 3, 1998. Appellant was given ten days after that in which to respond, with a hearing to be set two weeks after that.
Appellee did not file an amended motion to vacate by August 3, 1998. Rather, the amended motion was filed on August 21, 1998. At the same time, appellee filed a third-party cross-complaint against National Marine Corp., the seller of the boat, and an amended answer and counter-claim against appellant.
On August 28, 1998, the trial court granted appellee's motion and vacated the former judgment. At the same time, the trial court granted appellee's request to add National Marine Corp. as a third-party defendant. Thereafter, on September 1, 1998, apparently unaware that the trial court had granted the motion, appellant filed a memorandum in opposition to appellee's amended motion to vacate. On September 18, 1998, appellant filed a reply to appellee's counterclaim and a notice of appeal from the trial court's entry of August 28, 1998.
Appellant brings two assignments of error. However, before reaching appellant's assignments of error we must first determine whether this court has jurisdiction to hear the appeal. An order of a court is a final appealable order only if the requirements of both Civ.R. 54(B), if applicable, and R.C. 2505.02 are met.Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86,88.
Civ.R. 54(B) provides:
 "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
Stated another way, an entry of judgment involving fewer than all of the claims or parties is not final unless the court expressly determines that there is "no just reason for delay".Jarrett v. Dayton Osteopathic Hosp., Inc. (1985), 20 Ohio St.3d 77,78. An order vacating a judgment that was entered against less than all the parties and in which the trial court did not make an express determination that there was "no just reason for delay" is not a final, appealable order. Id., 20 Ohio St.3d at syllabus.
As already noted, the trial court granted appellee's amended motion to vacate and added National Marine Corp. as a third-party defendant on the same day, August 28, 1998. Although the record does not indicate which of these orders was first in time, we believe the order vacating the judgment must necessarily have preceded the order adding the third-party defendant. It is axiomatic that a third-party defendant cannot be added to a matter that is no longer pending and that has been terminated by entry of a judgment. As such, at the time of the trial court's order vacating the default judgment, appellant and appellee were the only parties to the case, and the trial court was not required to consider Civ.R. 54(B). Accordingly, we find that the order appealed from is a final appealable order.
Appellant brings two assignments of error, the first of which states:
 "The trial court abused its discretion when, by way of its August 28, 1998, judgment entry, it vacated the default judgment granted to Plaintiff-Appellant on April 24, 1998, because Defendant-Appellee did not make any showing that he was entitled to relief under Ohio Civil Rule 60(B)."
Appellant argues that appellee failed to satisfy the requirements of Civ.R. 60(B) and that the trial court erred in granting the amended motion to vacate. Specifically, appellant claims that appellee failed to offer affidavits or other evidence relating to appellee's defense, or evidence that substantiated his claim of inadvertence or mistake. Rather, appellant claims that appellee simply made unsubstantiated allegations and failed to show operative facts regarding his entitlement to relief.
In order for a party to prevail on a motion for relief from judgment under Civ.R. 60(B), the movant must demonstrate the following: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken. Strack v. Pelton (1994), 70 Ohio St.3d 172, 174 (citingGTE Automatic Electric v. ARC Industries [1976], 47 Ohio St.2d 146, paragraph two of the syllabus). These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met. Strack,70 Ohio St. 3d at 174.
"Under Civ.R. 60(B), a movant's burden is only to allege a meritorious defense, not to prove that he will prevail on that defense." Rose Chevrolet, Inc. v. Adams (1983), 36 Ohio St.3d 17,20, citing Moore v. Emmanuel Family Training Ctr. (1985), 18 Ohio St.3d 64,67.
In the instant case, appellee's amended motion to vacate stated that he had failed to file his answer due to inadvertence and mistake based upon his impression that appellant was going to dismiss the matter. Appellee also asserted defenses under R.C.1317.032 and that the former judgment was based on a fraudulent transaction by appellant. Lastly, appellee's motion was made three months after the default judgment was entered. Based on the foregoing, appellee met the three requirements set forth inStrack. Therefore, appellee satisfied the initial requirements of Civ.R. 60(B).
Accordingly, appellant's first assignment of error is without merit.
Appellant's second assignment of error states:
 "The trial court abused its discretion when, by way of its August 28, 1998, judgment entry, it vacated the default judgment granted to Plaintiff-Appellant on April 24, 1998, because the trial court accepted Defendant-Appellee's untimely filing of an amended motion to vacate and withdrew Plaintiff-Appellant's right to respond to the filing."
Appellant claims the trial court erred in permitting appellee to file his amended motion to vacate some eighteen days after the filing deadline set by the trial court, and in ruling on the motion without affording appellant an opportunity to respond.
Civ.R. 60(B) provides in part:
 "The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."
Although the Ohio Rules of Civil Procedure do not state a specific amount of response time that a non-moving party in such a case is entitled to receive, the trial court clearly informed appellant that it would have ten days to respond to appellee's amended motion to vacate. Appellee filed its amended motion on August 21, 1998 and seven days later the trial court ruled on it. Appellant had yet to file its responsive pleading and had three more days to do so. Unless notice and an opportunity to be heard are given to opposing parties, a trial court has no authority to vacate its judgment, whether upon motion or sua sponte. Rice v.Bethel Assoc., Inc. (1987), 35 Ohio App.3d 133.
Accordingly, appellant's second assignment of error has merit.
The judgment of the trial court is hereby reversed and the case remanded for further proceedings consistent with this opinion and according to law.
Vukovich, J., concurs, Waite, J., concurs.
 APPROVED: _____________________ GENE DONOFRIO JUDGE