[This opinion has been published in *Ohio Official Reports* at 70 Ohio St.3d 172.]

STRACK, APPELLANT, *v*. PELTON, F.K.A. STRACK, APPELLEE.

[Cite as *Strack v. Pelton*, 1994-Ohio-107.]

*Civil procedure—Motion for relief from judgment pursuant to Civ.R. 60(B) is not timely when filed more than one year after judgment, and more than one year after the new evidence upon which it is based became admissible.*

(No. 93-1070—Submitted May 25, 1994—Decided August 31, 1994.)

Appeal from the Court of Appeals for Ashtabula County, No. 92-A-1751.

———————————

{¶ 1} On October 19, 1977, appellant, David A. Strack, filed a complaint for a divorce from his wife, appellee, Donna M. Strack (now Pelton).  David alleged in the complaint that no children were born as issue of the marriage.  Donna alleged in her answer that she was pregnant with a child of the marriage.  Blood-grouping tests were conducted on the parties and revealed that David could not be excluded as father of the child in question.

{¶ 2} In June 1978, the trial court entered its judgment granting the parties a divorce.  This divorce decree stated that one child had been born as issue of the marriage and ordered David to pay $40 per week in child support until the child reached the age of eighteen.

{¶ 3} In October 1987, nine years after the judgment of divorce, appellant filed a motion for a human leukocyte antigen ("HLA") genetic test to determine conclusively his paternity of the child in question.  The results of the HLA test excluded appellant as the father of the child.

{¶ 4} On January 22, 1990, David filed a motion pursuant to Civ.R. 60(B) for relief from certain aspects of the divorce decree as it related to paternity and child support of the parties' child.

**{¶ 5}** David testified at a hearing on the motion that the parties had not engaged in sexual intercourse at all during the 1977 calendar year. Donna admitted that towards the end of April 1977, while she was intoxicated, she had a sexual "incident" (but not intercourse) with an unknown man named "Jim." The child in question was born nine months later on January 18, 1978. The trial court overruled David's motion, and the court of appeals affirmed.

**{¶ 6}** The cause is now before this court pursuant to an allowance of a motion to certify the record.

_____

*Bobulsky & Grdina* and *Samuel L. Altier*, for appellant.

*Robert S. Wynn*, for appellee.

_____

**MOYER, C.J.**

**{¶ 7}** This case presents the question whether a motion for relief from judgment pursuant to Civ.R. 60(B) is timely when filed more than one year after judgment, and more than one year after the new evidence upon which it is based became admissible. For the following reasons, we hold that it is not.

**{¶ 8}** Civ.R. 60(B) provides in part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is satisfied, released or discharged, or a prior judgment upon which it has been based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from judgment. The motion shall be made

2

within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under subdivision (B) does not affect the finality of a judgment or suspend its operation."

{¶ 9} In order for a party to prevail on a motion for relief from judgment under Civ.R. 60(B), the movant must demonstrate the following:

"(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus.

{¶ 10} These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met. *Id.* at 151, 1 O.O.3d at 88, 351 N.E.2d at 116. The standard by which we review a decision on a Civ.R. 60(B) motion is abuse of discretion. See *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564, 566.

{¶ 11} Appellant alleges his claim is meritorious because the results of an HLA blood test disqualify him as the father of the child in question. The test results are admissible to determine paternity pursuant to R.C. 3111.09 and 3111.10. Thus, Strack argues, he may have a "meritorious claim" for the purpose of Civ.R. 60(B) analysis.

{¶ 12} Second, appellant argues he is entitled to relief under one of the provisions of Civ.R. 60(B)(1) through (5) because he has come forward with new evidence, a proper ground under Civ.R. 60(B)(2).

{¶ 13} Appellant asserts that his claim falls under Civ.R. 60(B)(4) and (5), and not the more specific provision that deals with newly discovered evidence. We disagree. The basis of Strack's motion is test results that were not available at the

time of the divorce decree.  The results are evidence; they are newly discovered.  A straightforward and logical reading of Civ.R. 60(B)(2) dictates that it applies.

{¶ 14} Civ.R. 60(B)(5) applies only when a more specific provision does not apply.  *Caruso-Ciresi, Inc. v. Lohman* (1983), 5 Ohio St.3d 64, 66, 5 OBR 120, 122, 448 N.E.2d 1365, 1367.  Here, Civ.R. 60(B)(2) specifically addresses newly discovered evidence; thus, there is no reason to invoke the less specific catchall provision, Civ.R. 60(B)(5).  The claim under Civ.R. 60(B)(4) fails for similar reasons.  We hold, therefore, that Civ.R. 60(B)(2) is the provision of the rule that applies to Strack's claim.

{¶ 15} The third prong of the Civ.R. 60(B) test is that the motion must be made within a reasonable time, and where the grounds for relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after judgment.  See *GTE*, *supra*.  Strack filed his Civ.R. 60(B) motion in 1987, approximately nine years after the judgment of divorce and five years after the results of genetic testing became admissible in this state.  R.C. 3111.09 and 3111.10.  This filing delay falls far outside the one-year time limitation imposed by Civ.R. 60(B)(2).  The fact that Strack filed his motion shortly after he received the results of the genetic testing is not legally relevant.  The time limits of Civ.R. 60(B) refer to the judgment from which relief is sought, and not to the time of discovery of the new evidence.  Strack bears some responsibility to assert timely his new evidence.  The law cannot assume lack of knowledge of the admissibility of HLA test results.  We decline the invitation to alter the clear meaning of Civ.R. 60(B).

{¶ 16} Even if we were to apply Civ.R. 60(B) loosely and allow extra time not provided for by the rule, we would have to look to the time when the evidence became admissible to determine paternity, in this case 1982.  Because Strack asserts that he has contested paternity of the minor child from before the time of the divorce decree, we may impute to him the knowledge of the newly developed technology

4

to support his claim. For these reasons, we concur with the trial court's determination that Strack did not file his Civ.R. 60(B) motion in a timely manner.

{¶ 17} We are not unaware that our decision in effect declares as static a state of facts that reliable scientific evidence contradicts. Nonetheless, there are compelling reasons that support such a decision. A claim under Civ.R. 60(B) requires the court to carefully consider the two conflicting principles of finality and perfection. In *Knapp v. Knapp* (1986), 24 Ohio St.3d 141, 144-145, 24 OBR 362, 364, 493 N.E.2d 1353, 1356, this court declared, "[f]inality requires that there be some end to every lawsuit, thus producing certainty in the law and public confidence in the system's ability to resolve disputes. Perfection requires that every case be litigated until a perfect result is achieved. For obvious reasons, courts have typically placed finality above perfection in the hierarchy of values." Finality is particularly compelling in a case involving determinations of parentage, visitation and support of a minor child.

{¶ 18} For the foregoing reasons, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK and F.E. SWEENEY, JJ., concur.

PFEIFER, J., dissents.

_____

**PFEIFER, J., dissenting.**

{¶ 19} Civ. R. 60(B)(4) is the applicable provision in this case. The judgment against Strack in 1978 placed a continuing obligation upon him, an obligation that it is inequitable, even ridiculous, to continue to apply, given that the facts upon which it was based have been unmistakably disproved.

{¶ 20} The character of the judgment against Strack is specifically addressed in Civ. R. 60(B)(4), in that it has continuing, prospective application.

The judgment in this case need not be retroactively undone—but its prospective, inequitable application can be stopped easily.

**{¶ 21}** Since Civ. R. 60(B)(4) is the applicable provision, a motion thereunder must be made "within a reasonable time." In paternity cases, the extent of the relationship between the wrongly identified "father" and the child will be the key factor in the determination. If the child has come to rely upon the "father" for both financial and emotional support, the reasonable time period has expired.

**{¶ 22}** In the present case, however, the lack of a relationship between Strack and the child is evidence that Strack did file his motion within a reasonable time. Strack has not seen the child, who is now sixteen years old, for twelve years. He has grown up without Strack's support and guidance. In fact, the child already has a father figure with whom he and his mother live, who presumably provides what the family needs. In short, Strack serves no function to the child, and their legal separation would do no emotional harm to the child.

**{¶ 23}** There is no reason for this court to indulge in a legal fiction which forces the parties involved to continue living a lie. Strack should not be refunded any of the payments he made prior to the filing of his motion, but he should not be forced to continue to pay child support where he has no biological or psychological connection with the child. Certainly, Rule 60(B)(4) provides the means to correct a continuing mistake.

———————————