The STATE ex rel. FULTON COUNTY DEPARTMENT
OF HUMAN SERVICES et al., Appellees,

v.

KENNETH J., Appellant.

[Cite as *State ex rel. Fulton Cty. Dept. of Human Serv.
v. Kenneth J.* (1994), 99 Ohio App.3d 475.]

Court of Appeals of Ohio,
Sixth District, Fulton County.

No. 94FU000004.

Decided Dec. 23, 1994.

*Timothy Hallett,* for appellees.

*Joseph Westmeyer, Jr.,* for appellant.

*Per Curiam.*

This is an appeal from a January 18, 1994 judgment of the Fulton County Court of Common Pleas, Juvenile Division, in which appellant's motion for an HLA[1] blood test was denied.

Appellant sets forth the following assignments of error as the basis of his appeal:

"I. The trial court erred in denying the motion for HLA testing.

"II. The trial court erred in making finding [*sic*] of facts not in evidence."

The facts relevant to the issues raised on this appeal are as follows. On August 29, 1992, appellee Susan G. gave birth to a baby boy allegedly fathered by appellant, Kenneth J. Appellant apparently refused to sign the child's birth certificate because he was married to another woman and was concerned that doing so would result in his name appearing in the newspaper. Nevertheless, appellant did begin to form a relationship with the child.

On March 10, 1993, the mother contacted appellant and requested that he accompany her to the Fulton County Department of Human Services. Appellant voluntarily, without written notice, joined appellee at the department to discuss the paternity of the minor child. At that time, appellant and the mother signed an acknowledgment of paternity before a CSEA child support investigator. Included in that acknowledgement was a list of "Rights and Responsibilities of a Person Who Acknowledges Paternity." Checked off in that list was the statement "By signing the Paternity Acknowledgment, I am giving up the right to have blood tests taken which might be used in my defense." In addition, appellant and the mother signed a "Waiver of Notice of CSEA Administrative Hearing," in which they requested a CSEA administrative hearing as to the paternity determination, but waived formal notice of such hearing. Although the

---

1. Human leukocyte antigen ("HLA") tests are basically genetic comparison examinations rather than blood-grouping tests as described in R.C. 2317.47 and former 3111.16. These tests in recent years have been medically and legally accepted as proof of the probability of paternity. *Owens v. Bell* (1983), 6 Ohio St.3d 46, 6 OBR 65, 451 N.E.2d 241, paragraph one of the syllabus.

occurrence of a hearing is disputed by appellant, an administrative hearing was held on the same day before Diane Brubaker, Administrative Officer for the Fulton County CSEA, to determine the child's paternity. Pursuant to R.C. 3111.22, the administrative officer determined that, because the parties had signed the acknowledgment of paternity, appellant is the natural father of the child. Included in that document was the following notice:

"YOU ARE HEREBY NOTIFIED THAT EITHER THE MOTHER OR THE FATHER MAY OBJECT TO THIS ADMINISTRATIVE DETERMINATION OF THE EXISTENCE OF THE PARENT–CHILD RELATIONSHIP BY BRINGING AN ACTION PURSUANT TO THE OHIO REVISED CODE SECTIONS 3111.01 TO 3111.19 WITHIN THIRTY (30) DAYS AFTER THE DATE OF THE ADMINISTRATIVE ORDER INDICATED BELOW IN THE COUNTY IN WHICH THE ALLEGED FATHER, THE MOTHER, THE CHILD, OR THE GUARDIAN OR CUSTODIAN OF THE CHILD RESIDES. IF NEITHER THE MOTHER OR THE ALLEGED FATHER BRINGS SUCH AN ACTION WITHIN THE THIRTY (30) DAY PERIOD, THIS ADMINISTRATIVE ORDER IS FINAL."

Neither party objected to the administrative determination by bringing an action within the prescribed thirty-day period.

On August 30, 1993, appellant filed a motion for HLA testing, in which he requested that the court order blood tests to determine if he is the father of the child. Thereafter, the mother filed a complaint to reaffirm parentage and for orders of support. On November 9 and 23, 1993, the case proceeded to a hearing on the motion for HLA testing before a court-appointed referee. On December 21, 1993, the referee filed her report and recommendation in which she made findings that appellant voluntarily and of his own free will signed the acknowledgment of paternity and waiver of notice of hearing, that by signing the waiver of notice of hearing appellant waived the thirty-day notice of hearing requirement, that the Fulton County CSEA followed the statutory procedure for establishing parentage, and that appellant failed to object to the administrative finding of paternity within thirty days. Based on these findings, the referee recommended that appellant's motion for HLA testing be denied and that the cause be set for hearing on the mother's complaint. In a judgment entry of January 18, 1994, the trial judge, noting that no objections had been made by either party, adopted the report and recommendation of the referee. Appellant filed a notice of appeal on January 24, 1994, and an amended notice of appeal was filed February 1, 1994. Thereafter, appellant filed a motion to vacate judgment in the trial court, and this court remanded the instant case to enable the trial court to rule on the pending motion. On April 29, 1994, the referee filed a report and recommendation to deny the Civ.R. 60(B) motion. Appellant filed objections to the referee's report

and recommendation and, on May 17, 1994, the trial judge denied the objections and adopted the recommendation of the referee.

Appellant's first assignment of error alleges that the trial court erred in denying his motion for HLA testing. In Ohio, there are three separate procedures a party can follow to establish paternity of a child born out of wedlock. R.C. 3111.02 provides in relevant part:

"The parent and child relationship between a child and the natural father of the child may be established by a probate court entering an acknowledgment upon its journal as provided in section 2105.18 of the Revised Code, and pursuant to sections 3111.01 to 3111.19 or 3111.20 to 3111.29 of the Revised Code."

In the present case, the parties followed the procedures set forth in R.C. 3111.20 to 3111.29, inclusive, to obtain an administrative determination of paternity. R.C. 3111.22 provides that upon receiving a request for an administrative determination of parentage, the CSEA is to schedule a hearing before an administrative officer to determine whether the natural mother and the alleged natural father would voluntarily sign an acknowledgment of paternity or agree to be bound by the results of genetic testing. R.C. 3111.22(C)(1). If both the mother and the alleged father sign such an acknowledgment of paternity, the administrative officer issues an administrative order establishing paternity. R.C. 3111.22(C)(3). That order shall include a statement that the mother and father may object to the determination by bringing an action under R.C. 3111.01 to 3111.19, inclusive, within thirty days after the date of the issuance of the order. *Id.* If neither the mother nor the father files an action under R.C. 3111.01 to 3111.19, within the thirty-day period, the administrative order establishing parentage is final. R.C. 3111.22(D)(1).

In the present case, the parties followed the procedures set forth in R.C. 3111.22 to establish parentage. On March 10, 1993, the administrative officer entered the administrative order establishing parentage and filed that order with the Fulton County Court of Common Pleas, Juvenile Division.

■ Subsequent to the administrative determination of parentage, and after more than thirty days, appellant filed a motion requesting HLA testing. In denying the motion, the trial court determined that appellant no longer had a right to challenge the child's paternity. We agree with the statement of the Supreme Court of Ohio in *Strack v. Pelton* (1994), 70 Ohio St.3d 172, 175, 637 N.E.2d 914, 916, that "[f]inality is particularly compelling in a case involving determinations of parentage, visitation and support of a minor child."

Upon reviewing the record in this case, we find that the trial court properly denied the motion for HLA testing and appellant's first assignment of error is not well taken.

■ In appellant's second assignment of error, he alleges that the trial court made findings of fact in its ruling on appellant's Civ.R. 60(B) motion to vacate that were inaccurate and not in evidence. Because the record reveals that appellant did not file a notice of appeal from that judgment, we do not have jurisdiction to review this issue. The second assignment of error is therefore not well taken.

On consideration whereof, this court finds that substantial justice has been done the party complaining, and the judgment of the Fulton County Court of Common Pleas, Juvenile Division, is affirmed. Court costs of this appeal assessed to appellant.

*Judgment affirmed.*

ABOOD, P.J., HANDWORK and GLASSER, JJ., concur.