[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This appeal emanates from six appropriation cases filed by appellant, City of Willoughby, in the Lake County Court of Common Pleas, Probate Division. All cases have been consolidated for purposes of this appeal.
In September 1989, appellant filed its first appropriation action against appellees, David and Jacqueline Slyman ("the Slymans"), and the On-The-Greens Condominium Co. ("On-The-Greens"), who owned property along Lost Nation Road. Appellant had initiated a road widening project on Lost Nation Road and appellant sought a determination by a jury as to the amount of compensation that the Slymans and On-The-Greens should receive. Contemporaneous with the filing of the complaint, appellant entered onto the property and made changes on the premises. Appellant also made a deposit at that time. It was ultimately determined that appellant had abandoned these proceedings.
Subsequently, in October 1992, appellant once again filed appropriation actions against the Slymans and On-The-Greens involving essentially the same parcels. Appellant made another deposit. Ultimately, appellant dismissed these appropriation proceedings. In January 1995, appellant filed a third round of appropriation cases against the same defendants. The matter finally proceeded to a jury trial in May 1995. On May 31, 1995, the trial court entered final judgment. There were two parcels of land involved; a condominium parcel owned by On-The-Greens, and a commercial parcel owned by the Slymans. With respect to the condominium parcel, the jury's verdict awarded On-The-Greens $42,100 for land taken permanently; $5,750 for temporary easements; $9,000 for damages to the residue for property taken permanently; and $0 for damages to the residue, if any, for temporary easements. Thus, the total sum was $56,850.
With respect to the commercial property, the Slymans were awarded $18,500 for land taken permanently; $4,110 for temporary easements; $2,000 for damages to the residue from the permanent take; and $0 for damages to the residue for temporary easements for a total of $24,610.
The trial court also noted that appellant had deposited a total of $62,075 with regard to the condominium parcel. Therefore, the excess of $5,225 was credited to appellant with respect to the verdict regarding the commercial parcel, where appellant had previously deposited a total of only $18,470. Accordingly, appellant was still short $915 on the commercial parcel so the trial court concluded that appellant owed a grand total of $915.
On June 13, 1995, the Slymans and On-The-Greens filed motions for judgment in their favor notwithstanding the verdict or, in the alternative, to grant a new trial. Then, on June 16, 1995, the Slymans and On-The-Greens filed motions for relief from judgment. Thereafter, the trial court granted a new trial on the sole issue of the effect of both temporary takings on the residual property. As the basis for this decision, the court concluded that the judgment had been against the manifest weight of the evidence and that it had erred in instructing the jury as to the extent of damages caused by the temporary takings. Appellant filed an appeal from this decision but this court affirmed the matter inCity of Willoughby v. On-The-Greens Condominium Co. (Sept. 6, 1996), Lake App. No. 95-L-170, unreported.
Once the matter was returned to the trial court, the parties reached an agreement on the sole issue to be retried. Appellant agreed to pay the Slymans and On-The-Greens an additional $20,000 for damages to the residue as a result of the temporary takes.[1]
Subsequently, on December 3, 1996, both the Slymans and On-The-Greens filed documents captioned "Supplement to Motion for Relief from Judgment under Civil Rule 60(B)." Attached to these filings were exhibits detailing a method of calculating interest for the takings of both parcels of land. On August 11, 1997, the trial court issued a single judgment entry finding the motions for relief from judgment well taken and instructing counsel for the Slymans and On-The-Greens to submit proposed entries on the matter.
On September 18, 1997, the trial court entered final judgment regarding interest, fees, awards, and distribution on all matters. From that decision, appellant has timely filed a notice of appeal and has set forth a single assignment of error:
 "The trial court erred to the prejudice of plaintiff/appellant in granting appellees Slymans' Civ.R. 60(B) motion and awarding appellee Slyman the sum of $11,230.00 plus $384.11 in interest."
In the sole assignment of error, appellant sets forth two distinct arguments which must be considered separately by this court as they apply to the Slyman's commercial parcel since this appeal does not involve On-The-Greens' parcel. First, appellant contends that the trial court erred in granting the motions for relief from judgment filed by the Slymans and On-The-Greens. Appellants argue they failed to specify which subsection of Civ.R. 60 authorized relief and they also failed to assert substantial grounds justifying relief.
A review of the original motions for relief from judgment filed by the Slymans and On-The-Greens establish that relief was sought under "Civil Rule 60 so that the Court can correct or modify its Judgment Entry * * * in order to account for an award of statutory interest under R.C. 163.17." Each of the motions noted that the trial court had failed to account for the award of statutory interest under that section.
The version of R.C. 163.17 which was in effect during the relevant time period provided, in pertinent part:
 "Where the agency has the right to take possession of the property before the verdict upon payment into court of a deposit, and a portion of said deposit may be withdrawn immediately by the owner, the amount of the verdict which exceeds the portion of the deposit withdrawable shall be subject to interest from the date of taking to the date of actual payment of the award."
Thus, it is clear that the Slymans and On-The-Greens were entitled to statutory interest on the amount of the verdict less any amount deposited by appellant going back to the date of the taking, September 18, 1989. It is also clear that the trial court failed to calculate this statutorily mandated interest in its original judgment entry of May 31, 1995. Accordingly, while neither the Slymans nor On-The-Greens specified in their motions for relief from judgment exactly which section of Civ.R. 60 they were proceeding under, it was certainly apparent from the assertions made in their motions that relief was sought pursuant to Civ.R. 60(B)(5) which is the catch-all provision of the rule allowing relief for "any other reason justifying relief from the judgment." None of the other sections were applicable. Hence, appellant's first argument is without merit.
In the second argument, appellant asserts that the trial court's original calculation of the amount it owed, $915, was correct and, thus, it was error for the trial court to grant the motions for relief from judgment.
It is well-established that the standard employed to review a trial court's decision of a Civ.R. 60(B) motion is "abuse of discretion." Strack v. Pelton (1994), 70 Ohio St.3d 172, 174;Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. "Abuse of discretion" connotes more than an error of law or of judgment and has been defined as an attitude that is unreasonable, arbitrary or unconscionable. Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87.
In applying the foregoing standard to the case sub judice, it is clear that the trial court did not abuse its discretion in granting the Civ.R. 60(B) motions filed by the Slymans and On-The-Greens. In its original judgment, the trial court failed to apply R.C. 163.17 to calculate the interest owed by appellant within the appropriation proceedings. When brought to the court's attention, it attempted to correct the oversight and apply R.C.163.17. Thus, to the extent that appellant argues that the original award of $915 was correct, appellant's assignment of error is without merit. It is clear under the law that the property owners were entitled to receive interest on the difference between the amounts deposited by appellant and the jury's verdict dating back to September 18, 1989, when the take occurred. Eventually, appellant deposited more funds which still left it short of the ultimate jury verdict. However, the amount by which the jury verdict exceeded the amount deposited was reduced and, therefore, interest on this lesser amount would have to be calculated as of the date of the second deposit. Later, a third amount was deposited by appellant and, thus, a third calculation would have to be made.
The method of calculation suggested by appellant resembles that utilized by the trial court in its judgment entry of May 31, 1995. As previously explained, that method of calculation did not provide for the statutory interest that the property owners were entitled to under R.C. 163.17. Thus, appellant's second argument is also without merit.
Based upon the foregoing analysis, appellant's sole assignment of error is without merit. The judgment of the trial court is affirmed. _________________________ JUDGE WILLIAM M. O'NEILL
FORD, P.J.,
NADER, J., concur.
[1] The record does not indicate how the additional $20,000 for damages was apportioned between the two different parcels.