OPINION
This appeal, having been heretofore placed on the accelerated calendar, is being considered pursuant to App.R. 11.1(E) and Loc.R. 12. Pursuant to Loc.R. 12(5), we elect to render our decision in a full opinion. Defendant-appellant Anthony Allan Perkins appeals the judgment of the Hardin County Court of Common Pleas, Juvenile Division, denying his motion for genetic testing and vacation of initial determination of parentage.
On December 2, 1992, a complaint was filed alleging that defendant was the father of Anthony Perkins, Jr., born July 5, 1992. Defendant claims that he has no recollection of ever being served with a summons and a copy of the complaint in this matter. However, the record reveals that the Hardin County Sheriff personally served the defendant with both the summons and the complaint. The record also indicates that defendant was notified of the pre-trial and trial dates by U.S. Mail. Again, the defendant claims to have no recollection of receiving these notices, and was not present at either proceeding. A trial was held on February 17, 1993, and on February 25, 1993 the trial court filed a judgment entry finding that the defendant to be the natural father of the child.
On March 15, 1999, the defendant filed a motion for genetic testing and vacation of the initial determination of parentage in the Hardin County Court of Common Pleas, Juvenile Division. On October 29, 1999, the trial court denied the defendant's motion. It is from this judgment that the defendant now appeals, asserting two assignments of error.
 The trial court failed to grant appellant's motion for genetic testing.
 The trial court failed to grant an evidentiary hearing on appellant's motion for genetic testing.
As defendant's two assigned errors raise similar issues for our review, we will address them together. Defendant argues that under the Supreme Court's recent decision in Cuyahoga SupportEnforcement Agency v. Guthrie (1999), 84 Ohio St.3d 437, he is entitled to genetic testing to ensure his paternity of Anthony Perkins, Jr. In Guthrie, the Court held that that under R.C.3111.16, juvenile courts have continuing jurisdiction over judgments and orders that concern the duty of support or involve the welfare of a minor child, and that authority extends to allow a juvenile court to vacate a prior order of paternity where there is a "zero percent chance" of paternity pursuant to genetic testing.
We first note that the situation addressed in Guthrie is factually distinguishable from the case before us. Guthrie found that the trial court had not abused its discretion in vacating a prior finding of paternity where previously ordered genetic tests established that the putative father was in fact not the child's parent. In this case, the trial court refused to order genetic testing that was requested some six years after its initial finding of paternity. The Supreme Court's decision in Strack v.Pelton (1994), 70 Ohio St.3d 172, is also factually distinguishable, for the same reason. In Strack, the Court held that on the facts of that case, the results of genetic testing were "newly discovered evidence" under Civ.R. 60(B)(2). Thus, neither Guthrie nor Strack directly answers the question posed by this case: whether six years after an initial finding of paternity, it is erroneous for the juvenile court to deny a motion for genetic testing without a hearing. R.C. 3111.09(A)(1) provides in part:
 In any action instituted under sections 3111.01 to 3111.19 of the Revised Code, the court, upon its own motion, may order and, upon the motion of any party to the action, shall order the child's mother, the child, the alleged father, and any other person who is a defendant in the action to submit to genetic tests.
Id. (emphasis added). In a parentage action, R.C.3111.09(A)(1) requires trial courts to order genetic testing upon the motion of either party. Defendant argues that taken together with the Court's decision in Guthrie, it also applies to mandate a court to order genetic testing when paternity has already been established by other means. While the syllabus ofGuthrie opinion did not address the extent of a juvenile court's authority over its previous judgments, the outcome of that case rested upon the Court's interpretation of R.C.3111.16:
 [T]he question then becomes what authority, if any, did the juvenile court have in vacating the prior determination of parentage and in ordering interim child support. We believe that the juvenile court had the authority to vacate the initial finding of paternity under R.C. 3111.16. * * * * Pursuant to R.C. 3111.16, a juvenile court has continuing jurisdiction over all judgments or orders issued in accordance with R.C. 3111.01 to 3111.19, which includes judgments or orders that concern the duty of support or involve the welfare of a minor child. Here, the juvenile court exercised its continuing jurisdiction upon a finding that there was a zero percent chance that appellee was Jason's biological father.
Guthrie, 84 Ohio St.3d at 443-44 (emphasis added). Based on this rationale, it is clear that the trial court had the jurisdictional authority to hear defendant's petition for genetic testing.
As Justice Cook points out in her Guthrie dissent, the majority's reading of R.C. 3111.16 is quite broad:
 [T]he majority concludes that [R.C. 3111.16] provides continuing jurisdiction to vacate paternity judgments. I believe this conclusion is wrong. * * * * R.C. 3111.16 allows courts that order support, custody, or visitation as part of a paternity determination, continuing jurisdiction to modify those aspects of the order. It does not provide the court with continuing jurisdiction to vacate the paternity judgment itself.
Id. at 445. The majority's broad reading of the continuing jurisdictional authority of trial courts extends to all decisions rendered "under sections 3111.01 to 3111.19 of the Revised Code." R.C. 3111.16 (emphasis added). Clearly, bothGuthrie and R.C. 3111.16 confer continuing jurisdiction upon the trial court over the matters addressed in R.C.3111.09(A)(1). We conclude, based upon the Supreme Court's reading of R.C. 3111.16 in Guthrie, that juvenile courts have essentially unfettered authority to revisit all prior judgments dealing with issues controlled by R.C. 3111.01 to 3111.19. Cf.Guthrie, 84 Ohio St.3d at 444. The question therefore becomes how the broad continuing authority conferred upon juvenile courts under Guthrie interacts with the mandatory genetic testing provisions of R.C. 3111.09(A)(1).
We again observe that R.C. 3111.09(A)(1) mandates that the court order genetic testing "upon the motion of any party to the action." R.C. 3111.09(A)(1). It is clear that under the rule announced in Guthrie, the juvenile court retains the jurisdiction to hear and the authority to rule on such a motion, even after a finding of paternity has already been made. Compare Guthrie,84 Ohio St.3d at 444, with id. at 445-46 (Cook, J., dissenting). Moreover, R.C. 3111.09(A)(1) contains no language limiting its mandatory application to the proceedings prior to an initial finding of paternity. Accordingly, we conclude that the plain language of R.C. 3111.09(A)(1), when read in light of the Supreme Court's opinion in Guthrie, mandates a trial court to grant a postjudgment motion for genetic testing and conduct an evidentiary hearing thereon, when such a motion is properly made by any party to the action. Here, not only did the trial court deny defendant's motion, it did so without a hearing. Because we have held that courts have no discretion to deny such a motion, the trial court's ruling was erroneous.
We note, however, that the results of genetic tests are by no means the only evidence that the trial court may consider when it revisits its initial finding of paternity. See R.C. 3111.10(E); R.C. 3111.13. On the contrary, our ruling is based upon the mandatory language contained in R.C. 3111.09(A)(1) pertaining to the test itself, and should not be construed as necessarily requiring trial courts to vacate a prior finding of paternity based solely on the results of a newly obtained genetic test. Cf.Strack, 70 Ohio St.3d at 172. Moreover, we observe that inGuthrie, the Supreme Court concluded that the defendant remained responsible for all support payments made up to the point at which the trial court vacated its prior finding of paternity:
 We agree that the situation here warrants prospective relief of support payments. On the other hand, we do not believe that appellee should be permitted to avoid any arrearage that presently exists as a result of his own inexcusable conduct. Appellee voluntarily and deliberately disregarded initial parentage proceedings, thereby causing a delay of the finding of nonpaternity. * * * * [We therefore reject] the findings of the juvenile court and court of appeals that appellee is not responsible for any support payments.
Guthrie, 84 Ohio St.3d at 444. For these reasons, defendant's two assigned errors are sustained. It is the order of this Court that the judgment of the Juvenile Division of the Court of Common Pleas of Hardin County be, and hereby is, reversed. This case is remanded to the trial court for further proceedings consistent with this opinion.
 _____________________________ SHAW, J.
BRYANT, J., concurs. WALTERS, J., dissents.