DECISION AND JUDGMENT ENTRY
This case is before the court on appeal from the Lucas County Court of Common Pleas, which denied appellants' Civ.R. 60(B) motion for relief from judgment. For the following reasons, we find that the decision of the trial court must be affirmed.
This case stems from the sale of residential real estate in 1995. On February 17, 1998, appellants James Smith and Lucinda Smith, the purchasers of the residential real estate in question, filed suit against the sellers, Lawrence Dehabey and Janet Dehabey, against the sellers' real estate broker and agent, Cavalear Realty and Dennis Degnan, respectively, against the purchasers' real estate broker and agent, Century 21 Americrest Realty, Inc. and Cynthia Pate, respectively, and against the inspector of the real estate, James Johnson, d/b/a Seagate Home Pro. Appellants alleged in their complaint that the property had material defects that were not disclosed, and appellants sought damages for breach of contract, misrepresentation, negligent supervision, breach of fiduciary duty, fraud, negligence, and (apparently) intentional infliction of emotional distress.
The litigation proceeded in an ordinary fashion with attorney Walter Skotynsky representing appellants. On March 2, 1999, attorney Skotynsky filed a motion to withdraw as appellants' counsel, stating, in pertinent part,
 "In support of his motion, Counsel states that despite numerous and concentrated attempts to have Plaintiffs [appellants] voluntarily dismiss pursuant to Rule 41, Plaintiffs have failed to follow counsel's advice and the [sic] significant differences have arisen between counsel and Plaintiffs regarding the handling of this case."
On March 10, 1999, the trial court granted attorney Skotynsky's motion to withdraw. Also on March 10, 1999, the trial court issued the following "Dismissal Order":
 "On January 8th, 1999, this matter came on before the Court for Settlement Pretrial Conference. At that time, Plaintiffs' counsel, attorney Walter Skotynsky, indicated that if Plaintiffs refused to sign the release for the consideration agreed to by all parties and executed by all Defendants, he would request leave to withdraw. The Court stated in its Order, filed January 25, 1999, that if such a motion were filed and granted the Court would dismiss this matter without prejudice.
 "On March 2, 1999, attorney Skotynsky filed a motion for leave to withdraw which this Court has Granted. (See Order filed March 9, 1999.) Pursuant to this Court's previous admonition, this matter is hereby dismissed without prejudice. Costs to Plaintiffs.
"It is so ORDERED."[1]
Appellants did not appeal this dismissal order.
On February 22, 2000, appellants filed a motion, pursuant to Civ.R. 60(B)(1) and (5), for relief from the trial court's March 10, 1999 dismissal order. In their memorandum in support of this motion, appellants explained that they sought relief from the dismissal order because they believed they could not re-file their complaint under the savings statute, R.C. 2305.19, as their complaint was dismissed one day before the statute of limitations expired, March 11, 1999. In pertinent part, appellant's memorandum in support of their Civ.R. 60(B) motion stated:
 "Plaintiffs' Complaint filed on February 17, 1998 alleges, among other things, fraud. Pursuant to ORC 2305.09 the statute of limitations for fraud is four years. Plaintiff James Smith and defendants Lawrence and Janet Dehabey entered into their Residential Real Estate Purchase Agreement on March 11, 1995. Plaintiff James Smith wishes to refile his Complaint under the Savings Statute, ORC 2305.19. However, plaintiff James Smith is concerned that if he refiles his Complaint under the Savings Statute, defendants may argue that it is time-barred because the dismissal was entered prior to the original statute of limitations date. To avoid these issues being raised and having to be litigated, and to avoid any possibility that plaintiff James Smith is in fact time-barred from refiling, plaintiffs move for relief from the March 10, 1999 Dismissal Order."
This is all the argument appellants offered in support of their Civ.R. 60(B) motion.
On May 11, 2000, the trial court denied appellants' motion for relief from judgment, finding that appellants had not advanced any arguments to support their motion. Appellants appeal from this judgment, setting forth the following assignment of error:
 "THE TRIAL COURT COMMITTED SUBSTANTIAL, PREJUDICIAL, AND REVERSIBLE ERROR IN DENYING APPELLANTS' MOTION FOR RELIEF FROM DISMISSAL ORDER BY ERRONEOUSLY CONCLUDING THAT APPELLANTS WERE NOT ENTITLED TO RELIEF UNDER RULES 60(B)(1) AND (5) OF THE OHIO RULES OF CIVIL PROCEDURE. See Opinion And Judgment Entry filed May 11, 2000."
We review the trial court's judgment for abuse of discretion. Strack v.Pelton (1994), 70 Ohio St.3d 172, 174.
Civ.R. 60(B) provides as follows:
 "(B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
 "The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."
Construing this rule, the Supreme Court of Ohio has held that a party seeking relief from judgment under Civ.R. 60(B) must demonstrate:
 "* * *(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec., Inc. v. ARC Indus., Inc.
(1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
In this case, the trial court found that appellants did not set forth any grounds for relief under Civ.R. 60(B)(1) and (5), the sections appellants cited in their motion. Similarly, our review of appellants' motion indicates that the only basis appellants set forth in support of their motion was that they were attempting to circumvent potential problems with the statute of limitations. Parties may not avoid harsh results of the applicable statute of limitations by moving for relief from judgment. See Tucker v. City of Bowling Green (Mar. 31, 1989), Wood App. No. WD-88-42, unreported. See, also, Wasem v. Shaffer (Nov. 14, 1978), Franklin App. No. 78AP-294, unreported. Since appellants did not set forth any other grounds for relief, the trial court did not abuse its discretion in denying appellants' motion.
On consideration whereof, we find that substantial justice was done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the court costs of this appeal.
James R. Sherck, J., George M. Glasser, J. CONCUR.
 ____________________________ Mark L. Pietrykowski, P.J.
JUDGE
[1] The order of January 25, 1999 referred to by the trial court does not appear in the record.