DECISION AND JUDGMENT ENTRY
This appeal comes to us from the Lucas County Court of Common Pleas, Domestic Relations Division. There, appellee was successful, via the use of a Civ.R. 60(B)(5) motion, in setting aside previously ordered child support obligations because of newly discovered DNA evidence. Because we conclude the trial court improperly granted relief from judgment pursuant to Civ.R. 60(B)(5), we vacate its judgment and remand for further consideration.
Appellant, Terry Sue Poskarbewicz, and appellee, Victor A. Poskarbewicz, were married on March 1, 1975, but remained together only a little more than seven months. During the parties' ensuing divorce action, appellee contested the parentage of a daughter born to appellant on May 17, 1976. The Domestic Relations Court found, however, that appellee failed to present evidence sufficient to rebut the presumption that he was the father of the child born during the marriage. The court then declared appellee the child's father and ordered him to pay child support. Appellee's appeal of this parentage determination was overruled. Poskarbewicz v. Poskarbewicz (Nov. 17, 1978), Lucas App. No. L-78-079, unreported.
In 1994, just prior to the child's emancipation, appellee again contested his paternity. The trial court rejected this attempt on the ground of res judicata.
In 1999, the Lucas County Child Support Enforcement Agency stepped up efforts to obtain the uncollected arrearage which was incurred prior to 1994. It is not clear that this was the catalyst, but the same year appellee and his now twenty-three year old daughter submitted samples for DNA analysis. The result of the genetic testing was a zero percent probability that appellee was the father of the girl.
On obtaining these results, appellee moved, pro se, to terminate and/or modify his child support order, requesting that the child support award be set aside, the arrearage be eliminated and funds intercepted by the Internal Revenue Service be returned to him.
The matter was referred to a magistrate, who considered appellee's motion to be a request for relief from judgment pursuant to Civ.R. 60(B). Citing Strack v. Pelton (1994), 70 Ohio St.3d 172, and CuyahogaChild Support Enforcement Agency v. Guthrie (1999), 84 Ohio St.3d 437, the magistrate ruled the DNA report was newly discovered evidence, subject to Civ.R. 60(B)(2) and beyond its one year time limit. The magistrate denied appellee's motions.
Appellee objected to the magistrate's order. On consideration, the trial court reversed the magistrate's decision. The court applied Civ.R. 60(B)(5), the catchall provision, and found appellee was entitled to relief from judgment. Appellant responded with her own motion for relief from judgment which was found not well-taken.
From this judgment appellant now brings this appeal setting forth the following single assignment of error with sub parts:
"STATEMENT OF THE ASSIGNMENT OF ERRORS
 "The Trial Court erred as a matter of law when it denied plaintiff's Civ.R. 60(B) Motion to Vacate and Overlooked all of the following issues raised in the Motion.
 "1. The Trial Court erred to the substantial prejudice of the Plaintiff when it failed to dismiss Defendant's Objections on his failure to perfect service upon Plaintiff.
 "2. The Trial Court erred as a matter of law when it failed to dismiss the Objections upon Defendant's failure to attach a transcript pursuant to Civ.R. 53(E)(3)(b).
 "3. The Trial Court abused its discretion in granting Defendant relief upon Civ.R. 60(B) Motion, when such a motion had not been filed with the court.
 "4. The Trial Court erred as a matter of law in failing to apply the current case law, specifically Strack v. Pelton (1994), 70 Ohio St.3d 172, 637 N.E.2d 914.
 "5. The Trial Court erred by allowing the Defendant to relitigate a prior final twenty year old decision and failing to recognize the doctrines of res judicata and laches.
 "6. The Trial Court erred as a matter of law by failing to apply the rules of equity and allowing Defendant to continuously raise the issue of paternity."
Appellant's procedural arguments are not well-taken. As appellee points out, his objections to the magistrate's report contained a service of notice statement and appellant has submitted nothing to refute that statement. Neither has she stated how she might have been prejudiced by lack of notice. The absence of a transcript is harmless as the court decided the objections as a matter of law, not as a question of fact. Moreover, the magistrate treated appellee's pleading as a Civ.R. 60(B) motion as did the judge. Appellant was not prejudiced by this. Accordingly, the first three sub-parts of appellant's assignment of error are not well-taken.
Appellant, in her sixth sub-part and to some extent in her fifth sub-part argues that the court should have applied equitable doctrines to negate appellee's claims. It is axiomatic that to prevail in equity, a party must come with clean hands. Given the unrefuted results of genetic testing, appellant must have known that there was at least a possibility that appellee was not the father of the child. Yet, she presented no testimony to that effect during the paternity adjudication. Here, equity favors appellee. He is the one who has paid support for a child who was not his for nearly two decades. Accordingly, appellant's sixth assignment of error sub-part and her fifth sub-part to the extent that it concerns laches are not well-taken.
More problematic, however, is appellant's remaining sub-assignment of error. Strack, supra, at 174 and Cuyahoga CSEA, supra, at 440 make clear that Civ.R. 60(B)(2) and (4) are not available to support orders in relief from a judgment premised on late discovered evidence. Civ.R. 60(B)(5) applies only when one of the other Civ.R 60(B) categories does not apply. Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64, 66. Consequently, the trial court erred in premising its relief from judgment on Civ.R. 60(B)(5). Accordingly, appellant's fourth sub-assignment of error is well-taken and the court's order which granted appellee relief pursuant to Civ.R. 60(B)(5) must be vacated.
This, however, is not the end of our consideration. On remand, the trial court is obligated to review this matter pursuant to the law as recently enacted by 2000 Am.Sub.H.B. 242 as amended by 2000 Am.Sub.S.B. 180. In these acts, the general assembly carved out a legislative exception to the strictures of Civ.R. 60(B) as they relate to paternity adjudication. Now codified as R.C. 3119.961 and 3119.962, a person to whom paternity has been adjudicated may challenge that conclusion on evidence of current genetic testing, "* * * that finds there is a zero percent probability the [he] is the father of the child." R.C.3119.962(A)(1)(a). Moreover, the legislature has expressly made relief under R.C. 3119.962 retroactive. R.C. 3119.967. Therefore, on remand, the issue of the application of the doctrine of res judicata may be moot. See Donnelly v. Kashnier (Dec. 12, 2001), Medina App. No. 3240-M, unreported.
Upon consideration whereof, the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division is vacated. This matter is remanded to said court for further proceedings consistent with this decision. Costs to appellee.
 JUDGMENT VACATED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., CONCUR.