This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Tammy B. Predmetsky, appeals the decision of the Medina County Court of Common Pleas, which denied her motion to vacate judgment pursuant to Civ.R. 60(B). This Court affirms.
 I. {¶ 2} This appeal arose out of an incident that occurred in Cleveland, Ohio, on September 18, 1998. Appellant was driving her father's van when she struck appellee, Danny Marti, as he was standing on the curb waiting to cross the street. Appellant's father's insurance company, Victoria Insurance, instructed appellant to notify it immediately if she received suit papers.
 {¶ 3} Marti initially filed his personal injury action in the Cuyahoga County Court of Common Pleas in July 1999. When service could not be perfected on appellant within six months, Victoria Insurance moved to dismiss Marti's suit. Victoria Insurance's motion to dismiss was granted.
 {¶ 4} Marti's counsel then located appellant and refiled his complaint in the Medina County Court of Common Pleas on June 22, 2000. Appellant was served by certified mail on July 3, 2000. Appellant made a copy of the summons and complaint and gave it to her father to forward them to Victoria Insurance. However, appellant's father never forwarded the summons and complaint to Victoria Insurance. Consequently, a default judgment was entered against appellant on August 25, 2000. Appellant received notice of the default judgment on or about August 28, 2000. Appellant again made a copy of the judgment for her father and gave it to him. Again, appellant's father did not forward the judgment to Victoria Insurance. In October 2000, appellant received notice of the damages hearing on the default. In January 2001, the trial court entered its final judgment entry, which entered default judgment in favor of appellee in the amount of $150,000 with interest. On August 29, 2001, appellant's father mailed the complaint and other papers to Victoria Insurance. In October 2001, Victoria Insurance filed a motion to vacate the default judgment on appellant's behalf. The trial court denied the motion to vacate because it had not been filed within a reasonable time and because appellant had failed to establish excusable neglect under Civ.R. 60(B).
 {¶ 5} Appellant timely appealed, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR {¶ 6} "THE TRIAL COURT'S DENIAL OF APPELLANT'S MOTION TO VACATE WAS AN ABUSE OF DISCRETION."
 {¶ 7} In her sole assignment of error, appellant argues that the trial court abused its discretion when it denied her motion to vacate. This Court disagrees.
 {¶ 8} A trial court's ruling on a motion to vacate judgment pursuant to Civ.R. 60(B) will be upheld absent an abuse of discretion.Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. An abuse of discretion is more than merely an error of judgment; instead, it connotes an attitude that is unreasonable, arbitrary, or unconscionable. Berk v.Matthews (1990), 53 Ohio St.3d 161, 169. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 9} To prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate:
 {¶ 10} "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time[.]" GTE Automatic Electric v. ARCIndustries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 11} These requirements are independent of one another and are in the conjunctive. Strack v. Pelton (1994), 70 Ohio St.3d 172, 174. Thus, if the movant fails to satisfy one of these requirements, the trial court must deny the motion. Id. See, also, Rose Chevrolet, Inc. v. Adams36 Ohio St.3d at 20.
 {¶ 12} Appellant's motion to vacate stated that her failure to answer or otherwise respond to the complaint was due to mistake or inadvertence or excusable neglect, entitling her to relief pursuant to Civ.R. 60(B)(1). Appellant argued in her motion that upon receipt of the summons, complaint and other court documents, she delivered them to her father with the understanding that he would forward them on to Victoria Insurance.
 {¶ 13} While appellant did deliver the court documents to her father, appellant made no further effort to follow up with either her father or Victoria Insurance to ensure that a response had been filed on her behalf. Appellant was made aware of the fact that a response had not been filed on her behalf when she received notice that a default judgment had been entered against her. Upon receiving such notice, appellant merely made a copy of the judgment for her father and asked him to forward it on to Victoria Insurance. Again, appellant was made aware that a response had not been filed on her behalf when she received notice of the damages hearing. Still, appellant made no attempt to contact Victoria Insurance or retain legal counsel to assist her in this matter. Even after appellant received notice of the final judgment entry, she took no action for nine months, more than a year after default judgment had been entered against her.
 {¶ 14} Given the circumstances in this case, this Court does not find that appellant has proven that her actions constituted excusable neglect.
 {¶ 15} Appellant has failed to demonstrate that she was entitled to relief under Civ.R. 60(B). Therefore, this Court need not address whether appellant had a meritorious defense or whether the motion to vacate was made within a reasonable time. The trial court did not abuse its discretion when it denied appellant's motion to vacate. Appellant's sole assignment of error is overruled.
 III. {¶ 16} Having overruled appellant's sole assignment of error, the judgment of the trial court is affirmed.
SLABY, P.J., BATCHELDER, J. CONCUR.