OPINION *Page 2 
{¶ 1} On September 19, 2005, appellant, 3150 Old Columbus Road, LLC, and appellee, Chrissystems Development Co., entered into a real estate sales agreement wherein appellee sold to appellant commercial real estate located at 3150 Old Columbus Road in Lancaster, Ohio.
 {¶ 2} On April 25, 2006, appellant, together with H D Power Trucks, LLC and Evelyn Reynolds, filed a complaint against appellee alleging various claims including specific performance and breach of contract.
 {¶ 3} On May 11, 2006, appellee filed a complaint against appellants in the municipal court seeking restitution of the subject property and damages (Case No. 06CVG01351). By journal entry filed June 19, 2006, the municipal court found by April 1, 2006, the parties' real estate sales agreement was no longer in effect and granted appellee restitution of the property. The property was restored to appellee on June 23, 2006.
 {¶ 4} On September 22, 2006, appellee filed an answer and a counterclaim for unjust enrichment, claiming damages for the rental value of the property from May 1, 2006 to June 23, 2006. Appellants filed a reply on October 31, 2006.
 {¶ 5} On March 9, 2007, appellee filed a motion for summary judgment on appellants' complaint. No response was filed. By judgment entry filed April 19, 2007, the trial court granted the motion.
 {¶ 6} On July 13, 2007, appellee filed a motion for summary judgment on its counterclaim. No response was filed. By judgment entry filed September 14, 2007, the trial court granted the motion and awarded appellee as against appellants $6,179.27. *Page 3 
 {¶ 7} On October 10, 2007, appellee filed a motion for costs, attorney fees, and other reasonable expenses for frivolous conduct (R.C. 2323.51). No response was filed. An evidentiary hearing was held on November 16, 2007. Neither appellants nor their counsel appeared for the hearing. By judgment entry filed November 20, 2007, the trial court granted the motion and awarded appellee as against appellants $49,515.25 plus interest.
 {¶ 8} On January 24, 2008, appellants filed a motion for relief from judgment pursuant to Civ. R. 60(B). Appellants sought relief from the trial court's April 19, 2007 judgment entry granting summary judgment to appellee on their complaint, the trial court's September 14, 2007 judgment entry granting summary judgment to appellee on its counterclaim, and the trial court's November 16, 2007 judgment entry granting appellee's motion on frivolous conduct. By judgment entry filed March 13, 2008, the trial court denied the motion.
 {¶ 9} Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 10} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT."
 I {¶ 11} Appellants claim the trial court erred in denying their Civ. R. 60(B) motion for relief from judgment. We disagree.
 {¶ 12} A motion for relief from judgment under Civ. R. 60(B) lies in the trial court's sound discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75. In order to find an abuse *Page 4 
of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. Appellants based their Civ. R. 60(B) motion on "mistake, inadvertence, surprise or excusable neglect" and "any other reason justifying relief from the judgment." Civ. R. 60(B)(1) and (5). In GTE Automatic Electric Inc. v.ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus, the Supreme Court of Ohio held the following:
 {¶ 13} "To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 14} Appellants concede the judgments against them were as a result of their trial counsel's failure to answer or defend against the summary judgment motions and the motion for frivolous conduct filed by appellee. First, appellants argue Civ. R. 60(B)(1) is applicable because of "excusable neglect." In support of this argument, appellants claim their trial counsel may be suffering from a mental and/or physical illness. See, D. Reynolds aff. at ¶ 12; J. Reynolds aff. at ¶ 12; E. Reynolds aff. at ¶ 10; G. Kuhn aff. at ¶ 2; G. Martin aff. at ¶ 2. Following the decision in the municipal court, appellants had instructed their trial counsel to dismiss their complaint filed in the court of common pleas. D. Reynolds aff. at ¶ 7; J. Reynolds aff. at ¶ 7. Trial counsel assured them the case would be dismissed. Id. *Page 5 
 {¶ 15} Despite appellants' attempts and instructions to their trial counsel, he did not file any pleadings in the common pleas court case after he filed the answer to appellee's counterclaim on October 31, 2006. Appellants argue their trial counsel's deficiencies should not be chargeable against them. In GTE Automatic, the Supreme Court of Ohio held the following at paragraph four of the syllabus, "As a general rule, the neglect of a party's attorney will be imputed to the party for the purposes of Civ. R. 60(B)(1). (Link v. Wabash R. R. Co.,370 U.S. 626, 82 S.Ct. 1386, 8 N.Ed.2d 734, followed.)"
 {¶ 16} Upon review, we conclude the trial court did not abuse its discretion in finding appellants did not establish excusable neglect pursuant to Civ. R. 60(B)(1).
 {¶ 17} Secondly, appellants argue the facts establish "any other reason justifying relief from the judgment." Civ. R. 60(B)(5). In support of this argument, appellants claim "gross neglect and potentially fraud." Appellant's Brief at 11. We fail to find that the facts averred constitute gross neglect or fraud under Civ. R. 60(B)(5). See, CampTuscazoar Foundation, Inc. (March 19, 1997), Tuscarawas App. No. 96AP050048.
 {¶ 18} The judgments granted to appellee were based upon unjust enrichment for rental value, plus costs, attorney fees, and other expenses for violating R.C. 2323.51 (frivolous conduct statute). Appellants argue they have meritorious claims to present if relief is granted (first prong under GTE Automatic). However, this court is not required to address this prong as we have found appellants have failed to meet the second prong of GTE Automatic. The requirements of GTEAutomatic "are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." Strack v.Pelton, 70 Ohio St.3d 172, 174, 1994-Ohio-107, citing GTEAutomatic, at 151. *Page 6 
 {¶ 19} Upon review, we find the trial court did not abuse its discretion in denying appellants' Civ. R. 60(B)(1) and/or (B)(5) motion.
 {¶ 20} The sole assignment of error is denied.
 {¶ 21} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.
Farmer, P.J., Hoffman, J., and Edwards, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio is affirmed. Costs to appellants. *Page 1