[Cite as *Dudas v. Lucci*, 2017-Ohio-7784.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| RONALD A. DUDAS | C.A. No. 17CA011085 |
|---|---|
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JUDGE EUGENE LUCCI | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | CASE No. 16CV189175 |

DECISION AND JOURNAL ENTRY

Dated: September 25, 2017

TEODOSIO, Judge.

{¶1} Ronald A. Dudas appeals the order of the Lorain County Court of Common Pleas denying his motion for relief from judgment. We affirm.

I.

{¶2} Ronald A. Dudas filed his original complaint against Judge Eugene Lucci in April 2016, with an amended complaint being filed on May 31, 2016. The amended complaint alleged the abuse of civil rights, the abuse of power, and a violation of the First Amendment, all stemming from an underlying criminal proceeding. On August 10, 2016, the trial court, upon the motion of Judge Lucci, dismissed Mr. Dudas' amended complaint. The trial court based its ruling on its analysis of *Heck v. Humphrey*, 512 U.S. 477 (1994), finding that unless Mr. Dudas could "allege and prove termination of the criminal proceedings in his favor, his allegations based upon Judge Lucci's decisions in [his] criminal case [were] not cognizable claims." The trial court further found that Judge Lucci was "immune from liability for all acts alleged in the

Amended Complaint." Finally, the trial court found that Mr. Dudas' amended complaint "fail[ed] to state claims based upon the precedent set forth in *Agg v. Flanagan* and *Jones v. White*." (Citations omitted.) *See Agg v. Flanagan*, 855 F.2d 336 (6th Cir.1988); *Jones v. White*, 9th Dist. Summit No. 18109, 1997 WL 669737 (Oct. 15, 1997).

{¶3} Mr. Dudas appealed the dismissal of his case to this Court, and we dismissed his appeal for failing to comply with R.C. 2969.25(C), which requires a motion and affidavit that contain a statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier. *Dudas v. Lucci*, 9th Dist. Lorain No. 16CA011008 (Sept. 28, 2016). Mr. Dudas subsequently filed a motion for relief from judgment with the trial court, which was denied on January 4, 2017. Mr. Dudas now appeals, raising one assignment of error.

## II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING
TO GRANT RELIEF FROM THE JUDGMENT IN THIS CASE, UPON
SHOWING OF SUBSTANTIVE REASONS TO DO SO.

{¶4} Mr. Dudas argues the trial court erred in failing to grant relief from judgment pursuant to Civ.R. 60(B). We disagree.

{¶5} An appellate court must affirm a trial court's denial of a Civ.R. 60(B) motion for relief from judgment absent an abuse of discretion. *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994). An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, a reviewing court

is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶6} "Civ.R. 60(B) permits a party to obtain relief from judgment on several bases such as mistake, excusable neglect, newly discovered evidence, fraud, satisfaction of judgment, and other reasons justifying relief." *Naples v. Naples*, 9th Dist. Lorain No. 08CA009420, 2009-Ohio-427, at ¶ 9. "[N]o issue that can be raised on appeal can be used as a basis for Civ. R. 60(B) relief." *Roach v. Roach*, 9th Dist. Lorain No. 01CA007861, 2001 WL 1379441, *3 (Nov. 7, 2001). "A party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal." *Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128 (1986), paragraph two of the syllabus. "[A] Civ.R. 60(B) motion does not provide for the reconsideration of a judgment and cannot be employed to challenge the legal correctness of a trial court's decision." *Naples* at ¶ 9.

{¶7} In his assignment of error, Mr. Dudas presents three issues for our review: (1) "[w]hether the trial court erred in refusing to grant relief from the judgment dismissing the case under an erroneous [*Heck v. Humphrey*] analysis * * *"; "[w]hether the trial court erred [in finding] that ministerial acts by a judge are protected under immunity"; and whether the "[c]omplaint set forth sufficient facts which stated a claim upon which relief can be granted * * *." Each issue presented by Mr. Dudas is a refutation of the merits of the trial court's August 10, 2016, dismissal of his amended complaint. Thus, the issues presented in his assignment of error would have been appropriate in Mr. Dudas' first appeal, but were forfeited upon our dismissal of that appeal on September 28, 2016. *See Majnaric v. Majnaric*, 9th Dist. Summit No. 8305, 1977 WL 198804, *2 (Mar. 16, 1977). As we have previously stated, no issue that can be raised on appeal can be used as a basis for Civ. R. 60(B) relief. *See Roach* at *3. Likewise, "a Civ.R.

60(B) motion does not provide for the reconsideration of a judgment and cannot be employed to challenge the legal correctness of a trial court's decision." *Naples* at ¶ 9. We conclude the trial court did not abuse its discretion in denying relief from judgment. Accordingly, Mr. Dudas' assignment of error is overruled.

## III.

**{¶8}** Mr. Dudas' assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

RONALD A. DUDAS, pro se, Appellant.

KIMBERLY VANOVER RILEY, Attorney at Law, for Appellee.

JOHN D. WAGNER, Attorney at Law, for Appellee.