This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, John J. Glassner, dba J.G. Autobody Color and Supply, a.ka. A.P. Warehouse, Inc. ("Glassner"), appeals the judgment of the Summit County Court of Common Pleas, which denied his motion to vacate judgment. We affirm.
 I.
On December 20, 2000, Morgan Auto Paint filed a complaint against Glassner for money due on an account. On April 30, 2001, Morgan Auto Paint moved for default judgment. On May 1, 2001,[1] the trial court granted Morgan Auto Paint's motion for default judgment. The next day, Glassner filed a motion to quash service of summons and to dismiss the action. The trial court subsequently denied the motion. On August 20, 2001, Glassner filed a motion to vacate judgment pursuant to Civ.R. 60(B). The trial court denied the motion on October 3, 2001.
This appeal followed. Glassner raises two assignments of error. We address both assignments of error together for ease of review.
 II. First Assignment of Error THE TRIAL COURT ERRED BY GRANTING DEFAULT JUDGMENT TO PLAINTIFF.
 Second Assignment of Error THE TRIAL COURT ERRED BY DENYING DEFENDANT'S MOTION TO VACATE JUDGMENT.
In his first assignment of error, Glassner attempts to challenge the default judgment entered against him on May 1, 2001. We begin by noting that a motion for relief from judgment, filed pursuant to Civ.R. 60(B), is not a substitute for a timely perfected appeal. Doe v. Trumbull Cty.Children Services Bd. (1986), 28 Ohio St.3d 128, paragraph two of the syllabus. App.R. 4(A) provides,
 A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure.
Glassner's motion to vacate essentially challenges the default judgment entered against him three months prior to the filing of his motion. Glassner had the opportunity to appeal the trial court's decision granting Morgan Auto Paint's motion for default judgment. However, he failed to timely perfect an appeal after the trial court entered judgment and instead challenged the default judgment in a Civ.R. 60(B) motion. Glassner cannot extend the strict time limits of App.R. 4(A) by filing a Civ.R. 60(B) motion. Although Glassner filed his notice of appeal within thirty days of the denial of his Civ.R. 60(B) motion, the thirty-day period within which he could appeal the default judgment had long passed. Glassner failed to file a timely appeal from the default judgment, and he cannot now challenge this judgment. Therefore, we will not consider Glassner's first assignment of error challenging the default judgment.
Glassner's second assignment of error challenges the court's denial of his motion to vacate judgment pursuant to Civ.R. 60(B). An appellate court must affirm a trial court's denial of a Civ.R. 60(B) motion for relief from judgment absent an abuse of discretion. Strack v. Pelton
(1994), 70 Ohio St.3d 172, 174. An abuse of discretion is more than merely an error of judgment; it connotes "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
To prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), a movant must demonstrate that (1) he has a meritorious defense to present if relief is granted; (2) he is entitled to relief under one of the grounds set forth in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. GTE Automatic Elec. v. ARC Industries
(1976), 47 Ohio St.2d 146, paragraph two of the syllabus. These requirements are independent of one another and are in the conjunctive.Strack, 70 Ohio St.3d at 174. Thus, if the movant fails to satisfy one of these requirements, the trial court must deny the motion. Id. See, also,Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20.
Glassner's motion to vacate merely stated that his failure to answer or otherwise respond to the complaint was due to mistake or inadvertence or excusable neglect, entitling him to relief pursuant to Civ.R. 60(B)(1). Even if Glassner's motion demonstrated he was entitled to relief under Civ.R. 60(B)(1) and that his motion was filed within a reasonable time, Glassner failed to meet the requirement that he demonstrate a meritorious defense if the court vacated the judgment against him.
The trial court did not abuse its discretion when it denied Glassner's motion to vacate. Glassner's second assignment of error is overruled.
 III.
Having overruled Glassner's first and second assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
Exceptions.
SLABY, P.J., BATCHELDER, J. CONCUR.
[1] The trial court entered default judgment on May 1, 2001, in the amount of $153,143.73 (sic). A corrected judgment entry was journalized on May 31, 2001, in order to correct a typographical error by replacing a comma with the decimal point, in the correct amount of $153,143.73.