OPINION
Plaintiff-appellant Robert Conley appeals from an order of the Miami County Court of Common Pleas denying his motion for relief from judgment filed pursuant to Civ.R. 60(B). For the reasons set forth below, we affirm.
 I
In February, 2001, Robert Conley filed this action against his son, Edward Conley seeking the return of personal property consisting of a "Ford 3000 Tractor * * *, Woods Bushhog Mower, John Deere scraper blade and #14 two-bottom plow and disc." The suit also alleged that Robert had an interest in real estate located in Athens County and owned by Robert.
On August 27, 2001, Robert's attorney was granted leave to withdraw as counsel. Thereafter, on October 4, 2001, Edward filed a motion for summary judgment. In the motion, Edward claimed that the personal property was a gift from Robert. In the motion, Edward also alleged that Robert was barred from making any claim against the Athens County real estate. Edward argued that he and his father had been involved in prior litigation regarding some real estate in Athens County held by them jointly, and that Robert should have asserted, pursuant to Civ.R. 13, his interest in any other real estate at that time. Robert did not respond to Edward's motion for summary judgment. The trial court rendered summary judgment in Edward's favor on November 27, 2001.
On December 4, 2001, Robert, through new counsel, filed a motion for relief from judgment, pursuant to Civ.R. 60(B), which was overruled by the trial court without a hearing. Robert appeals from the order denying his motion for relief from judgment.
 II
Robert's First Assignment of Error is as follows:
 "THE TRIAL COURT ABUSED ITS DISCRETION AS A MATTER OF LAW WHEN IT FAILED TO ALLOW PLAINTIFF-APPELLANT A HEARING ON HIS MOTION FOR RELIEF FROM JUDGMENT WHERE GROUNDS FOR RELIEF FROM JUDGMENT APPEAR ON THE FACE OF THE RECORD AND THE COURT MADE NO FACTUAL DETERMINATION OF THE ALLEGED GROUNDS FOR RELIEF ADVERSE TO THE PLAINTIFF-APPELLANT."
Robert contends that the trial court was required to grant him a hearing on his motion for relief from judgment, because he alleged facts warranting relief. Specifically, he claims that he demonstrated that Edward committed fraud by presenting misleading claims to the trial court in his motion for summary judgment. He also contends that Edward had failed to present evidence supporting his motion for summary judgment.
Civ.R. 60(B) provides a mechanism whereby a party may obtain relief by motion from a judgment or order. The moving party must demonstrate that he: (1) has a meritorious defense or claim to present if the relief is granted; (2) is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) has made the motion within a reasonable time. GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. The elements entitling a movant to Civ.R. 60(B) relief "are independent and in the conjunctive; thus, the test is not fulfilled if any one of the requirements is not met." Strack v. Pelton, 70 Ohio St.3d 172, 174,1994-Ohio-107. If the movant files a motion for relief from judgment and it contains allegations of operative facts warranting relief under Civ.R. 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion. Kay v. Marc Glassman,Inc., 76 Ohio St.3d 18, 1996-Ohio-430.
Robert's Civ.R. 60(B) motion sounds under division (B)(3): it alleges that Edward committed fraud by misleading the trial court with regard to the facts. In the motion, he argues that Edward had attempted to make the court believe that the prior Athens County litigation had involved the same real estate involved in the instant case.
The trial court concluded, without a hearing, that Robert was not entitled to the requested relief because he failed to show that Edward "engaged in fraud in regard to the representations made to the Court in [the] motion for summary judgment," and therefore had failed to demonstrate that he was entitled to relief pursuant to any of the grounds stated in Civ.R. 60(B)(1) through (5).
We agree with the trial court. From our review of the motion for summary judgment and the supporting affidavit, we find nothing to support Robert's claim that in these filings Edward worked a fraud upon the court. In the filings, Edward claims that Robert was required to file a compulsory counterclaim in the prior litigation in Athens County concerning the real estate at issue in this case, because his claims with regard to the real estate in this case involve issues similar to the issues concerning the properties at issue in the prior lawsuit. In his motion and affidavit in support of summary judgment, Edward acknowledges that the parcel involved in the case before us is distinct from those involved in the Athens County litigation. At most, Edward's argument in support of summary judgment may have been legally erroneous, but we agree with the trial court that no fraud was involved. Absent any evidence of fraud to support his Civ.R. 60(B)(3) motion, the trial court did not err by failing to conduct a hearing.
Lastly, Robert contends the judgment on the merits is erroneous because Edward failed to prove that he was entitled to summary judgment. A Civ.R. 60(B) motion, however, is not a substitute for appeal. Ford v.Tandy Transp., Inc. (1993), 86 Ohio App.3d 364, 384. Grounds for Civ.R. 60(B) relief must be those stated in the rule, not grounds that should have been asserted in an appeal. In this case, Robert's issues regarding the propriety of summary judgment should have been raised on appeal.
Accordingly, the First Assignment of Error is overruled.
 III
Robert's Second and Third Assignments of Error are as follows:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT BY GRANTING SUMMARY JUDGMENT WHEN MATERIAL ISSUES OF FACT EXISTED ON THE FACE OF THE RECORD.
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT IN GRANTING SUMMARY JUDGMENT BASED UPON GROUNDS NOT RAISED BY EDWARD IN HIS MOTION FOR SUMMARY JUDGMENT."
In these assignments of error, Robert contends that the trial court erred when it rendered summary judgment in Edward's favor.
The entire text of the notice of appeal invoking our jurisdiction in this appeal is as follows:
 "Now comes the Plaintiff, Robert C. Conley, and hereby appeals to the Court of Appeals of Miami County from the Order Overruling Plaintiff's 60(B) Motion of the Miami County Common Pleas Court dated January 10, 2002. This appeal is taken pursuant to Ohio Revised Code 2711.02."
We do not understand the reference to R.C. 2711.02, which deals with appeals from orders denying or granting a stay of trial pending arbitration, but it is nevertheless clear that this appeal is taken from the order of the trial court denying Robert's motion for relief from judgment, not from the summary judgment earlier rendered in favor of Edward. Claims of error in the summary judgment proceedings are not cognizable in an appeal from the denial of Robert's motion for relief from judgment.
The Second and Third Assignments of Error are overruled.
 IV
Robert's Fourth Assignment of Error provides as follows:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT BY FAILING TO FOLLOW THE TRIAL COURT'S OWN RULES OF COURT WITH RESPECT TO WITHDRAW [SIC] OF COUNSEL."
Robert contends that the trial court erred by permitting his first attorney to withdraw from the case. He contends that the trial court failed to follow its own local rule with regard to the withdrawal of counsel. Specifically, he argues that the local rule does not permit withdrawal until substitute counsel has filed an entry of appearance.
We note that the motion to withdraw was granted prior to the entry of appearance of substitute counsel. However, the local rule, according to Robert's appellate brief, also permits an attorney to withdraw upon a showing of good cause, regardless of whether substitute counsel has made an appearance. A review of the record indicates that Robert sent a letter to his first attorney indicating that he intended to retain other counsel and requesting the return of all files and records. We find, as did the trial court, that good cause was shown, supporting the trial court's decision to permit the withdrawal.
The Fourth Assignment of Error is overruled.
 V
All of Robert's Assignments of Error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and YOUNG, JJ., concur.