This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, the City of Medina, appeals the decision of the Medina County Court of Common Pleas, which denied its motion for relief from judgment. This Court affirms.
 I.
{¶ 2} This case has a long history in this Court. See F.M.D. Ltd.Partnership v. Medina (Feb. 9, 1999), 9th Dist. No. 2755-M; F.M.D.Ltd. Partnership v. Medina (Apr. 5, 2000), 9th Dist. No. 2962-M.
{¶ 3} For purposes of this appeal, the relevant facts can be stated as follows:
{¶ 4} Appellee filed a complaint against appellant on December 4, 1995. Both parties then filed motions for summary judgment. The trial court granted appellee's motion for summary judgment and appellant filed an appeal with this Court. This Court reversed the decision of the trial court and remanded the case to the trial court. F.M.D. Ltd. Partnershipv. Medina (Feb. 9, 1999), 9th Dist. No. 2755-M.
{¶ 5} Upon remand, the trial court granted summary judgment in favor of appellant. Appellee then appealed that decision to this Court. This Court again reversed the trial court's decision and remanded the case to the trial court. Before the trial court could act on this Court's ruling, appellant appealed to the Supreme Court of Ohio. The Supreme Court of Ohio rejected appellant's appeal. The trial court then granted summary judgment in favor of appellee. Appellant then filed a motion for relief from judgment pursuant to Civ.R. 60(B). The trial court denied appellant's motion for relief from judgment.
{¶ 6} Appellant timely appealed, setting forth six assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR {¶ 7} "THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO CIV.R. 60(B)."
 SECOND ASSIGNMENT OF ERROR {¶ 8} "THE TRIAL COURT FAILED TO FIND THAT APPELLANT WAS ENTITLED TO RELIEF FROM FINAL JUDGMENT PURSUANT TO CIV.R. 60(B)(1) FOR EXCUSABLE NEGLECT."
 THIRD ASSIGNMENT OF ERROR {¶ 9} "THE TRIAL COURT FAILED TO FIND THAT MEDINA WAS ENTITLED TO RELIEF FROM FINAL JUDGMENT PURSUANT TO CIV.R. 60(B)(1) FOR EXCUSABLE NEGLECT."
 FOURTH ASSIGNMENT OF ERROR {¶ 10} "THE TRIAL COURT FAILED TO FIND THAT APPELLANT WAS ENTITLED TO RELIEF FROM FINAL JUDGMENT PURSUANT TO CIV.R. 60(B)(5) SINCE PUBLIC POLICY FAVORS RESOLUTION OF CASES ON THEIR MERITS."
{¶ 11} Appellant's first four assignments of error will be combined for discussion, as they raise similar issues of law.
{¶ 12} In its first four assignments of error, appellant argues that the trial court erred by denying its motion for relief from judgment pursuant to Civ.R. 60(B). This Court disagrees.
{¶ 13} An appellate court reviews a trial court's denial of a Civ.R. 60(B) motion for relief from judgment under an abuse of discretion standard. Strack v. Pelton (1994), 70 Ohio St.3d 172, 174. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id. Because public policy favors finality of judgments, relief under Civ.R. 60(B) is limited. Owiesny v. Owiesny (Dec. 9, 1992), 9th Dist. No. 15616.
{¶ 14} To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate the following:
 {¶ 15} "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
{¶ 16} If any of these three requirements is not satisfied, the trial court should deny the motion. Rose Chevrolet, Inc. v. Adams
(1988), 36 Ohio St.3d 17, 20.
{¶ 17} In the present case, the motion for relief from judgment was based on Civ.R. 60(B)(1) and (5). Appellant argues that its motion should have been granted because: (1) it presented meritorious defenses; (2) its actions constituted excusable neglect; and (3) public policy favors resolution of cases on their merits.
{¶ 18} Appellant focuses each of its first four assignments of error on the fact that the trial court issued its decision without affording appellant the opportunity to file proposed findings of fact and conclusions of law.
{¶ 19} A trial court is not required to state its findings of fact and conclusions of law when ruling on a motion for summary judgment brought pursuant to Civ.R. 56. See Civ.R. 52. In this case, the trial court did state its findings of fact and conclusions of law. However, the trial court did not request proposed findings of fact and conclusions of law from the parties. Appellee voluntarily submitted its proposed findings of fact and conclusions of law on May 5, 2000. Appellant then filed supplemental proposed findings of fact and conclusions of law on September 25, 2000, following the Supreme Court of Ohio's release of its decision in Home Builders Assn. of Dayton and the Miami Valley, et al.v. Beavercreek (2000), 89 Ohio St.3d 121. Appellant had an equal amount of time to file its own proposed findings of fact and conclusions of law if it had desired to do so. The fact that the trial court did not grant appellant's motion for leave to conduct discovery and file a brief in opposition to appellee's proposed findings of fact and conclusions of law is not a basis for relief under Civ.R. 60(B).
{¶ 20} Appellant's first four assignments of error are overruled.
 FIFTH ASSIGNMENT OF ERROR {¶ 21} "THE TRIAL COURT ERRED BY FINDING THAT BECAUSE THE PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW APELLANT DESIRES TO FILE WOULD SUPPORT JUDGMENT IN FAVOR OF APPELLANT, APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT WAS IN ESSENCE A MOTION FOR RECONSIDERATION."
 SIXTH ASSIGNMENT OF ERROR {¶ 22} "THE TRIAL COURT ERRED BY FINDING THAT ITS FINAL JUDGMENT IS CONSISTENT WITH THE CASE OF HOME BUILDERS ASSOCIATION OF DAYTON AND THE MIAMI VALLEY V. CITY OF BEAVERCREEK (2000), 89 OHIO St.3d 121, 729 N.E.2d 349.
{¶ 23} Appellant's fifth and sixth assignments of error will be combined for ease of discussion.
{¶ 24} In its fifth assignment of error, appellant argues that the magistrate misconstrued its argument regarding the Supreme Court of Ohio's decision in Beavercreek. Appellant states that its arguments relating to the Beavercreek decision were intended solely to demonstrate that it had a meritorious defense, as is required under Civ.R. 60(B).
{¶ 25} In its sixth assignment of error, appellant again argues that it had meritorious defenses pursuant to the Supreme Court of Ohio's holding in Beavercreek.
{¶ 26} As stated above, if any of the three requirements set forth in GTE is not met, the trial court should deny the motion. RoseChevrolet, 36 Ohio St.3d at 20.
{¶ 27} Given this Court's resolution of appellant's first four assignments of error, appellant's fifth and sixth assignments of error are overruled.
 III.
{¶ 28} The decision of the Medina County Court of Common Pleas is affirmed.
{¶ 29} The Court finds that there were reasonable grounds for this appeal.
{¶ 30} We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
{¶ 31} Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
{¶ 32} Costs taxed to appellant.
{¶ 33} Exceptions.
SLABY, P.J., BAIRD, J. CONCUR.