[¶ 16] I agree with majority's judgment affirming the probate court's decision denying appellant's Civ.R. 60(B) motion for relief from judgment. However, I must write separately as I disagree with its reasoning. Appellant is asking for Civ.R. 60(B) relief from judgment because she and the other beneficiaries have agreed to a distribution of the wrongful death settlement after the court had already entered judgment distributing that settlement. Pursuant to R.C. 2125.03(A), the only time beneficiaries may adjust their shares in an estate among themselves is when the beneficiaries are on an equal degree of consanguinity with the decedent. In this case, the beneficiaries are not on an equal degree of consanguinity. Therefore, they may not adjust their benefits among themselves. Accordingly, appellant has not presented a meritorious defense and is not entitled to Civ.R. 60(B) relief.
[¶ 17] The standard of review applied to a trial court's decision on a Civ.R. 60(B) motion is abuse of discretion. Strack v. Pelton
(1994), 70 Ohio St.3d 172, 174, 637 N.E.2d 914. An abuse of discretion connotes more than an error of law or judgment; rather, it implies the court has acted either unreasonably, unconscionably, or arbitrarily.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 5 OBR 481,450 N.E.2d 1140.
[¶ 18] A trial court may only grant relief from judgment in the manner provided by Civ.R. 60. Because the rule is remedial, it should be liberally construed so the ends of justice may be served. Kay v. MarcGlassman, Inc. (1996), 76 Ohio St.3d 18, 20, 665 N.E.2d 1102. Nonetheless, to prevail on his motion under Civ.R. 60(B), the movant must demonstrate: (1) the movant has a meriorious defense or claim to present if relief is granted; (2) the movant is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. GTE Automatic Elec., Inc. v.ARC Industries, Inc. (1976), 47 Ohio St.2d 146, 150-151, 1 O.O.3d 86,351 N.E.2d 113. "These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." Strack at 174.
[¶ 19] As a general rule, a trial court bears the responsibility of adjusting each beneficiary's share of a wrongful death settlement in a manner that is equitable. R.C. 2125.03(A). However, when the beneficiaries are on an equal degree of consanguinity, they may adjust their share among themselves. Id. "If the beneficiaries do not adjust their shares among themselves, the court shall adjust the share of each beneficiary in the same manner as the court adjust the shares of beneficiaries who are not on an equal degree of consanguinity to the deceased person." Id. The plain language of the statute provides the only time beneficiaries may reach such an agreement among themselves is when those beneficiaries are on an equal degree of consanguinity.
[¶ 20] Appellant's Civ.R. 60(B) motion for relief from judgment must fail because the beneficiaries which she argues have agreed to adjust the shares of the distribution are not on an equal degree of consanguinity. Appellant and Denise Carver are both daughters of the deceased person and, therefore, are on an equal degree of consanguinity. However, the third beneficiary, the estate of Nina Patton LaBooth Dotson, is not. It is the estate of the deceased spouse of the decedent and, as such, is not consanguineous with the other two beneficiaries. Accordingly, these three beneficiaries are not allowed to adjust their shares of the distribution among themselves. For this reason, appellant has failed to demonstrate a meritorious defense to the judgment and her assignment of error is meritless and the trial court's judgment must be affirmed.'
[¶ 21] Although I agree with the majority's judgment, I respectfully disagree with much of its rationale. First, the majority notes appella nt's previous appeal of the January 8, 1999 judgment and states that any issues regarding that decision are barred by the doctrine of res judicata. See ¶ 13. However, appellant's arguments in this appeal are wholly unrelated to her arguments in her previous appeal. In her previous appeal she argued the trial court's distribution of the wrongful death settlement was error because she did not receive adequate notification of the action. In this case, she argues the trial court's denial of her Civ.R. 60(B) motion to vacate that judgment was error because R.C. 2125.03(A) allows the beneficiaries to adjust the distribution and they did. Furthermore, it would have been impossible for appellant to raise her current argument at an earlier point in this case as the beneficiaries had not entered into an agreement regarding the distribution of the wrongful death settlement. Accordingly, the doctrine of res judiciata cannot be applied to this case.
[¶ 22] The majority next notes it is highly questionable that Civ.R. 60(B) can be used to vacate a judgment based upon a settlement agreem ent entered into by the parties to the action. I agree with that general proposition. However, that general proposition is inapplicable to this case. The judgment appellant is seeking to have vacated was not based on a settlement agreement entered into by the parties to this probate action. There are only two agreements in this case: the wrongful death settlement and the agreement between the heirs serving as the basis for Appellant's Civ.R. 60(B) motion. The wrongful death settlement was between the parties to that action; it was not entered into by the beneficiaries in this probate action. The heirs' agreement was entered into after the probate court's judgment entry. Thus, it could not have formed the basis of that judgment entry.
[¶ 23] Finally, the majority appears to be saying that where, as here, a trial court renders a judgment on the merits, and the parties then r each a settlement agreement, that post-judgment agreement can never be the basis for vacating a judgment pursuant to Civ.R. 60(B). The majority rests this proposition upon case law wherein the parties reached an agreement before the trial court entered judgment. I am uncomfortable reaching that general conclusion. A specific example arguing against such a broad rule immediately comes to mind. Had the parties actually been on an equal degree of consanguinity, they would be allowed to settle by the statute, which may be a sufficient basis to vacate the probate court's judgment.
[¶ 24] For the foregoing reasons, I concur in the majority's judgment only.