DECISION AND JOURNAL ENTRY
{¶ 1} Larry Major Clay appeals from the Summit County Court of Common Pleas, which denied his Civ.R. 60(B) motion for relief from judgment. We affirm.
 I. {¶ 2} In 1993, Mr. Clay was arrested for his part in a drive-by shooting. Appellee Paul Hoffer was his defense counsel. A jury convicted Mr. Clay of multiple counts and the court sentenced him to 17 to 35 years incarceration. This Court affirmed the conviction. See State v. Clay (Aug. 17, 1994), 9th Dist. No. 16583. Mr. Clay's numerous post-conviction, habeas corpus, declaratory judgment, mandamus, and relief from judgment motions were all denied.
 {¶ 3} On February 1, 1994, Mr. Clay filed a pro se civil rights action in federal court, alleging that the arresting officers had used excessive force. He requested assistance from Mr. Hoffer, who later filed a notice of appearance. On October 11, 1994, the case was dismissed for failure to prosecute. After multiple Civ.R. 60(B) motions and rulings, Mr. Clay filed a legal malpractice claim against Mr. Hoffer on April 9, 1996, almost 18 months after the dismissal. Mr. Hoffer moved for summary judgment on the basis that the statute of limitations had expired. On October 29, 2004, the trial court granted the motion and ended the case.
 {¶ 4} On February 11, 2005, Mr. Clay moved for relief from judgment, but was denied. Mr. Clay timely appealed, and asserts three assignments of error. We have consolidated the assignments of error to facilitate review.
 II. First Assignment of Error
"The trial court prejudicially and in breach of its essential duty to afford Mr. Clay a fair and unbias tribunal, mishandled the case with no intentions of allowing Mr. Clay due process as guaranteed by the fourteenth amendment thereunder the United States Constitution when it granted Mr. Hoffer's motion for summary judgment based on his claim that Mr. Clay's action was barred by the one-year statute of limitation pursuant to R.C. §2305.11(A), wherein the record reflects that Mr. Hoffer has already raised the exact claim in his motion to dismiss in which the trial court ruled upon consideration thereof, not tobe well taken and dismissed Mr. Hoffer's motion to dismiss, thus due to the doctrine of res judicata and collateral estoppel the trial court lacked competent jurisdiction to grant a summary judgment in favor of Mr. Hoffer wherefore his one-year statute of limitation claim has already been rejected in a court of law." [sic]
 Second Assignment of Error
"The trial court erred to the prejudice of appellant by granting the appellee's summary judgment motion that was filed ten months after the filing date as set by the trial court depriving the appellant of his due process rights as guaranteed by the United States and Ohio Constitution, thus due to the appellee's failure to comply with the civil rules and a court's order, the trial court lacked subject matter jurisdiction to entertain appellee's motion for summary judgment." [sic]
 Third Assignment of Error
"It was error and highly prejudicial to appellant when the trial court overruled his motion for summary judgment without an determination on the merit resulting in prejudice." [sic]
 {¶ 5} Mr. Clay asserts that the trial court erred in its rulings on summary judgment. Accordingly, he implies that this Court should reverse the trial court's denial of his motion for relief from judgment. We disagree.
 {¶ 6} A trial court's grant or denial of a Civ.R. 60(B) motion for relief from judgment is reviewed for an abuse of discretion. Strack v. Pelton (1994), 70 Ohio St.3d 172, 174,1994-Ohio-107. An abuse of discretion is more than an error of law or judgment, but rather, it is a finding that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219. Under this standard of review, an appellate court may not merely substitute its judgment for that of the trial court. Pons v. Ohio State Med.Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 7} A party may challenge a judgment under Civ.R. 60(B) by showing: (1) the party has a meritorious defense or claim; (2) a circumstance arises under Civ.R. 60(B)(1)-(5); and (3) the motion is made within a reasonable time. GTE Auto. Elec., Inc. v. ARCIndus., Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. If a party fails to prove these three elements, then the trial court must deny the motion. Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17, 20.
 {¶ 8} Mr. Clay is plainly protesting the trial court's October 29, 2004 order, which granted summary judgment to Mr. Hoffer. Mr. Clay did not appeal that order, rather he filed a motion for relief from judgment in the trial court. He has now put the denial of that motion before us on appeal. However, Mr. Clay fails to meet his burden on appeal. See App.R. 16(A)(7); Loc.R. 7(A)(7). Mr. Clay failed to allege or demonstrate any circumstance arising under Civ.R. 60(B)(1)-(5) to support relief from judgment. See GTE Automatic, 47 Ohio St.2d at paragraph two of the syllabus. Furthermore, Mr. Clay failed to allege or show an abuse of discretion. These assignments of error are overruled.
 III. {¶ 9} Mr. Clay's assignments of error are overruled. The order of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Moore, J., Concur.