[Cite as *Richland Bank v. Winters*, 2012-Ohio-1799.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| RICHLAND BANK | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 11 CA 66 |
| MICHAEL R. WINTERS, et al. | |
| Defendants-Appellants | O P I N I O N |


CHARACTER OF PROCEEDING:       Civil Appeal from the Court of Common
                               Pleas, Case No.  09 CV 1703H


JUDGMENT:                       Reversed and Remanded


DATE OF JUDGMENT ENTRY:         April 23, 2012


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant Mechanics

ERIC S. MILLER                          BENJAMIN D. KITZLER
13 Park Avenue West                     3 North Main Street
Suite 608                               Suite 803
Mansfield, Ohio  44902                  Mansfield, Ohio  44902

For Appellee BAC                        For Defendant Key Bank

ERIC T. DEIGHTON                        THOMAS J.KELLEY
WILLIAM T. TINI                         300 Madison Avenue
24755 Chagrin Blvd. Suite 200           Suite 110
Cleveland, Ohio  44122-5690             Mansfield, Ohio  44902

*Wise, J.*

{¶1} Defendant-Appellant Mechanics Savings Bank appeals the May 11, 2011, decision of the Court of Common Pleas of Richland County, Ohio, granting Appellee BAC Home Loans Services, L.P.'s Civ.R. 60(B) Motion to Partially Vacate Judgment.

## STATEMENT OF THE FACTS AND CASE

{¶2} On November 20, 2009, Plaintiff-Appellee Richland Bank filed its Complaint for Foreclosure in the instant matter against the real estate commonly known as 690 Walnut Drive South, Lexington, Ohio 44904.

{¶3} On or about November 30, 2009, certified mail service was made on Mortgage Electronic Registration Systems, Inc. ("MERS"). At that time, MERS was the nominee for Key Bank pursuant to the Preliminary Evidence of Title filed contemporaneously with the Complaint in this matter.

{¶4} Defendant-Appellant BAC Home Loans Servicing L.P., fka Countrywide Home Loans Servicing L.P. ("BAC") as successor in interest to MERS admits valid service of the Complaint. (T. at 15).

{¶5} Neither MERS nor BAC filed a timely Answer. (T. at 24).

{¶6} On or about January 5, 2010, Plaintiff-Appellee moved for Default Judgment against some Defendants, including MERS. Neither MERS nor BAC were aware of the Motion for Default Judgment and, as such, neither responded to the Motion for Default Judgment.

{¶7} On April 19, 2010, and again on June 21, 2010, the trial court issued judgment(s) finding MERS in default and ultimately Ordering the sale of the subject real estate.

**{¶8}** On or about August 4, 2010, BAC moved to Partially Vacate the Judgment Entry of Foreclosure and Order of Sale.

**{¶9}** On April 28, 2011, an oral hearing was held on BAC's Motion to Partially Vacate the Judgment Entry of Foreclosure and Order of Sale. At the conclusion of the hearing, the trial court held that BAC was entitled to relief from judgment pursuant to Civ.R. 60(B) finding its failure to appear in the instant matter to be the result of excusable neglect.

**{¶10}** By Judgment Entry filed May 11, 2011, the trial court issued specific findings of fact and conclusions of law.

**{¶11}** Appellant Mechanics Savings Bank now appeals, assigning the following sole assignment of error.

## ASSIGNMENT OF ERROR

**{¶12}** "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT GRANTED BAC'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO CIV.R. 60(B) WHEN BAC DEMONSTRATED THAT FOR UNKNOWN REASONS IT FAILED TO RESPOND AFTER PROPER SERVICE."

## I.

**{¶13}** In its sole assignment, Appellant argues that the trial court erred in granting Appellee BAC's Civ.R. 60(B) motion for relief from judgment. We agree.

**{¶14}** The decision to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) lies in the sound discretion of the trial court and will not be disturbed absent an abuse of the discretion. *Strack v. Pelton* (1994), 70 Ohio St.3d 172, 174, 637 N.E.2d 914. An abuse of discretion is more than an error of judgment; it means that the

trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. *Id.*

{¶15} Therefore, the only issue before this Court is whether the trial court abused its discretion in denying Appellant's motion for relief from judgment under the dictates of Civ.R. 60(B).

{¶16} Civ.R. 60(B) states, in relevant part:

{¶17} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."

{¶18} To prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party must demonstrate that:

{¶19} "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus.

{¶20} Generally, the moving party's failure to satisfy any of the three requirements will result in the motion being overruled. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564.

{¶21} In the instant case, Appellee argued that it was entitled to relief pursuant to Civ.R. 60(B)(1). Upon review, however, this Court finds the reasons offered by Appellee failed to justify relief from the trial court's judgment.

{¶22} As set forth above, under Civ.R. 60(B)(1), the trial court may "relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect."

{¶23} Here, in its motion for relief, Appellee BAC argued that its failure to respond in the instant case was excusable "because there is a system in place at BAC Home Loans Servicing, L.P., fka Countrywide Home Loans Servicing, L.P. to deal with service of summons, but that this particular summons was not timely handled due to a mistake by BAC Home Loans Servicing, fka Countrywide Home Loans Servicing, L.P.

**{¶24}** Upon review, we find that Appellee BAC failed to present sufficient evidence of excusable neglect to warrant relief from judgment in the case sub judice. Appellee was unable to articulate what event, action or inaction, caused BAC to fail to answer the complaint in this matter. In explanation, BAC offered only that "It fell through the cracks, something happened." (T. at 25).

**{¶25}** As Appellee failed to offer any sufficient explanation for its failure to file an answer in this matter, we find that the trial court abused its discretion in granting Appellee's motion for partial relief from judgment.

**{¶26}** The judgment of the Court of Common Pleas, Richland County, Ohio, is reversed and remanded for further proceedings consistent with the law and this opinion.

By: Wise, J.

Gwin, P. J., and

Farmer, J., concur.

_____

_____

_____

            JUDGES

JWW/d 0326

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


RICHLAND BANK                                    :
                                                 :
    Plaintiff-Appellee                       :
                                                 :
-vs-                                             :               JUDGMENT ENTRY
                                                 :
MICHAEL R. WINTERS, et al.                       :
                                                 :
    Defendants-Appellants                    :               Case No. 11 CA 66


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is reversed and remanded.

Costs assessed to Appellee.


_____


_____


_____
                                    JUDGES