[Cite as *Love v. Ryan*, 2013-Ohio-3279.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| MELODY LOVE | : | |
| Plaintiff-Appellant | : | C.A. CASE NO. 25485 |
| v. | : | T.C. NO. 09CV5670 |
| | | 10CV1778 |
| MARSHA P. RYAN, ADMINISTRATOR, et al. | : | 10CV5856 |
| | : | (Civil appeal from |
| Defendants-Appellees | | Common Pleas Court) |
| | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____26th_____ day of _____July_____, 2013.

. . . . . . . . . .

MELODY LOVE, 131 Holt Street, Dayton, Ohio 45402
        Plaintiff-Appellant

SANDRA E. PINKERTON, Atty. Reg. No. 0062217, Assistant Attorney General, Workers' Compensation Section, 150 East Gay Street, 22nd Floor, Columbus, Ohio 43215
        Attorney for Defendant-Appellee, Administrator, Bureau of Workers' Compensation

DAVID C. KORTE, Atty. Reg. No. 0019382 and MICHELLE D. BACH, Atty. Reg. No. 0065313, 33 W. First Street, Suite 600, Dayton, Ohio 45402
        Attorneys for Defendant-Appellee, YMCA of Greater Dayton

. . . . . . . . . .

FROELICH, J.

{¶ 1} Melody Love appeals from a judgment of the Montgomery County Court of Common Pleas, which denied her Civ.R. 60(B) motion for relief from judgment. The motion sought relief from a May 2011 Joint Dismissal Entry With Prejudice that was filed with respect to several claims by Love for workers' compensation benefits.

{¶ 2} In September 2008, Love was injured in the course of her employment with the YMCA of Greater Dayton. Her original claim for workers' compensation for "cervical sprain, thoracic sprain, right shoulder sprain, [and] contusion of right shoulder" was allowed by the district hearing officer.

{¶ 3} Love subsequently filed two additional claims for C5-6 disc displacement and C7-T1 substantial aggravation of pre-existing facet arthropathy; these claims were not allowed by the district hearing officer. The district officer's findings as to the additional claims were modified by the staff hearing officer, who found that they should be granted to the extent that they were related to the industrial injury.

{¶ 4} The YMCA and Love appealed to the Industrial Commission from the staff hearing officer's decision. Love was represented by counsel during these proceedings. The Industrial Commission refused both appeals. Both parties then filed appeals in the Montgomery County Court of Common Pleas.

{¶ 5} In May 2011, the parties filed a Joint Dismissal Entry With Prejudice. Love's attorney signed the entry on her behalf. The entry stated that the orders of the Industrial Commission would remain in effect (thereby terminating all appeals), that Love retained the right to participate in the workers' compensation fund for certain specified conditions, and that Love would not be entitled to participate for certain other specified

conditions. Further, Love agreed that she would not pursue, "by way of motion or otherwise, the additional allowance of any medical condition involving her cervical spine, right shoulder, upper right extremity, left shoulder, lumbar spine, and/or thoracic spine" in any other workers' compensation claim against the YMCA, regardless of whether it was known at the time of the agreement or whether it was asserted by way of direct causation, aggravation and/or flow through.

{¶ 6} Almost one year after the joint dismissal, Love filed a pro se motion for relief from judgment, in which she asked for "mercy," claimed that the dismissal entry did not represent her understanding of the agreement, and claimed that she had not personally reviewed the settlement agreement before it was entered. She also asserted, somewhat vaguely, that the First Report of Injury in her case (a document filed with the Bureau of Workers' Compensation soon after her injury) had been "false" and that there had been a medical error on the form. She asserted, very generally, that the settlement agreement needed to be corrected and that her rights had not "been dealt with fairly." Finally, she asserted that her attorney had not presented all the information to her and that the YMCA "entered erroneous information." She did not identify the subsection of Civ.R. 60(B) under which she sought relief. The YMCA and Bureau of Workers' Compensation opposed Love's motion.

{¶ 7} In a Decision and Entry filed on October 23, 2012, the trial court concluded that none of the bases for Civ.R. 60(B) relief applied, and it denied Love's motion. The court stated: "Plaintiff was represented by counsel at the time of the Agreement, and Defendants have relied on the terms of it for over one year now. Plaintiff believes that her

attorney acted wrongly in effectuating the settlement. However, an action for any such alleged wrongdoing is not before this court."

{¶ 8} Love appeals from the trial court's judgment. Her brief does not set forth an assignment of error, but she challenges the court's conclusion that she was not entitled to Civ.R. 60(B) relief from the joint dismissal entry.

{¶ 9} Civ.R. 60(B) permits trial courts to relieve parties from a final judgment for the following reasons: (1) "mistake, inadvertence, surprise or excusable neglect;" (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged; or (5) any other reason justifying relief from the judgment. To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted, (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B), and (3) the motion is made within a reasonable time and, for reasons under Civ.R. 60(B)(1)-(3), not more than one year after judgment. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. All of these requirements must be satisfied, and the motion should be denied if any one of the requirements is not met. *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994); *Cincinnati Ins. Co. v. Schaub*, 2d Dist. Montgomery No. 22419, 2008-Ohio-4729, ¶ 15.

{¶ 10} Love's motion did not identify a specific ground for relief. Based on her statements that she was unaware of the content of the agreement before it was signed and that some of the reports filed early in the case contained "medical error," we construe her argument as alleging mistake or surprise under Civ.R. 60(B)(1) or fraud, misrepresentation

or other misconduct of an adverse party under Civ.R. 60(B)(3).

{¶ 11}  Love's assertion that she had not seen the judgment before it was entered and/or that her attorney acted beyond his authority in approving the settlement does not constitute a mistake, surprise, or any other ground for relief.  Neglect or error on the part of a party's attorney is imputed to that party for the purposes of Civ.R. 60(B)(1). *GTE* at 153; *Argo Plastic Products Co. v. Cleveland*, 15 Ohio St.3d 389, 474 N.E.2d 328 (1984).  Even if Love's assertion were true that she was unaware of the terms of the agreement before it was filed, her remedy would not lie in relief from the judgment entered with the YMCA and the Bureau of Workers' Compensation.

{¶ 12}  Moreover, even if we assume, for the sake of argument, that a document in the case (the First Report of Injury,) contained an inaccurate statement, as Love claims, she has failed to show that the alleged error was made intentionally by one of the other parties to the case, as required to demonstrate fraud, misrepresentation, or misconduct of an adverse party.  She has also failed to show that the alleged misstatement materially affected the settlement so as to form the basis for a meritorious defense to the judgment.

{¶ 13}  Because Love did not show a ground for relief under Civ.R. 60(B), we need not address the other requirements for relief from judgment.  The trial court did not err in overruling Love's motion for relief from judgment.

{¶ 14}  The judgment of the trial court will be affirmed.

. . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Melody Love
Sandra E. Pinkerton
David C. Korte
Michelle D. Bach
Hon. Barbara P. Gorman