[Cite as *Auer v. Paliath*, 2014-Ohio-2994.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

TORRI AUER                                        :

    Plaintiff-Appellant                      :          C.A. CASE NO.    25888

v.                                                :          T.C. NO.    08CV9673

JAMIE PALIATH, dba THE INVESTMENT    :          (Civil appeal from
GENIE REALTY GROUP, et al.                         Common Pleas Court)

    Defendants-Appellees              :

                                                  :

· · · · · · · · · ·

**O P I N I O N**

Rendered on the ____3rd____ day of ____July____, 2014.

· · · · · · · · · ·

LAURENCE A. LASKY, Atty. Reg. No. 002939, One First National Plaza, 130 W. Second Street, Suite 830, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellant

GARY J. LEPPLA, Atty. Reg. No. 0017172 and PHILIP J. LEPPLA, Atty. Reg. No. 0089075, 2100 S. Patterson Blvd., Dayton, Ohio 45409
      Attorneys for Defendant-Appellee, Hari Paliath

· · · · · · · · · ·

DONOVAN, J.

{¶ 1} This matter is before the Court on the Notice of Appeal of Torri Auer, filed August 30, 2013. Auer appeals from the August 15, 2013 "Decision Order and Entry Sustaining Motion of Hari Paliath for Relief from Judgment." We hereby affirm the judgment of the trial

court.

**{¶ 2}**    The underlying facts herein are set forth in the trial court's decision as follows:

This case involves certain real estate transactions initiated by Defendant Jamie Paliath.  Trial in the above captioned matter was held in March 2012, which resulted in jury verdicts against Defendants Jamie Paliath and Keller Williams Hometown Realty, Inc. and a directed verdict rendered against Defendants Hari Paliath ("Defendant") in the amount of $427,000.  The directed verdict is memorialized in the Judgment Entry of this Court dated March 29, 2012.  Defendants Jamie Paliath and Keller Williams Hometown Realty, Inc. timely appealed the judgments against them.  On June 30, 2012, Defendant filed the instant motion for relief from judgment.

Defendant did not participate in the trial of this matter.  He argues that he is entitled to relief from the judgment against him because he had no specific knowledge that his attorney, Michael McNamee ("McNamee"), had withdrawn from the case and that he received no notice of any pleadings or other actions, including the Final Pretrial Order, in this case following this withdrawal.  A review of the docket reveals that Defendant was not noticed personally on any pleadings or other filings after McNamee was permitted to withdraw.  McNamee did continue to be noticed on court filings for some time.  However, Defendant correctly points out that he received no notice of the Final Pretrial Order in this case.

Defendant filed an affidavit and testified at the June 11, 2013 hearing as to

his defenses to Plaintiffs' causes of action. Defendant, who is divorced from Defendant Jamie Paliath, contends that the divorce decree between them required Jamie Paliath to indemnify him and take on individual responsibility for all business liabilities. He further claims that he was simply [a] member of the limited liability corporation through which Jamie Paliath conducted her business and that he took no actions with respect to that business which would subject him to individual liability.

{¶ 3}     The trial court concluded as follows:

In the case at bar, Defendant has met the requirements entitling him to relief from judgment under Ohio Civ.R. 60(B)(1). While the Court finds that Defendant and his former attorney should have been in better contact regarding McNamee's withdrawal from the case, there is no dispute that Defendant was not properly noticed on pleadings and other filings following the withdrawal. Further, Defendant has established that he has a meritorious defense to the claims against him and he filed his motion approximately three months after the directed verdict was rendered.[1] Thus, Defendant is entitled to relief from the judgment rendered against him in the amount of $427,000.[00] as memorialized in the Judgment Entry of this Court dated March 29, 2012.

{¶ 4}     Auer asserts one assigned error herein as follows:

"THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO OHIO CIVIL RULE 60(B)(1)."

---

[1] Consideration of Defendant's motion was delayed in part due to the

**{¶ 5}** Civ.R. 60(B) allows trial courts to relieve parties from a final judgment for "(1) mistake, inadvertence, surprise or excusable neglect." As this Court this Court has noted:

> To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted, (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B), and (3) the motion is made within a reasonable time and, for reasons under Civ.R. 60(B)(1)-(3), not more than one year after judgment. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. All of these requirements must be satisfied, and the motion should be denied if any one of the requirements is not met. *Strack v. Pelton,* 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994); *Cincinnati Ins. Co. v. Schaub,* 2d Dist. Montgomery No. 22419, 2008-Ohio-4729, ¶ 15.

*Love v. Ryan*, 2d Dist. Montgomery No. 25485, 2013-Ohio-3279,¶ 9.

**{¶ 6}** "Motions for relief from judgment under Civ.R. 60(B) are addressed to the sound discretion of the trial court, and the court's ruling 'will not be disturbed on appeal absent a showing of abuse of discretion.' * * *." *Jackson v. Hendrickson*, 2d Dist. Montgomery No. 21921, 2008-Ohio-491, ¶ 28. "'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary, or unconscionable. *Huffman v. Hair Surgeons, Inc.*, 19 Ohio St.3d 83, 482 N.E.2d 1248 (1985). A decision is unreasonable if there is no sound reasoning process that would support that decision. *AAAA Enterprises, Inc. v. River Place Community Urban*

---

pending appeals."

*Redevelopment Corp.*, 50 Ohio St.3d 157, 553 N.E.2d 597 (1990)." *Feldmiller v. Feldmiller,* 2d Dist. Montgomery No. 24989, 2012-Ohio-4621, ¶ 7.

{¶ 7} The record reflects that at the hearing on Hari's motion, he testified that he was a defendant in the underlying lawsuit, represented by Michael McNamee. He stated that when the suit was initiated, in January of 2009, he and Jamie were married. He stated that he only met McNamee one time at his office with Jamie, and that McNamee filed an Answer in response to the complaint. Hari stated that he went to India on February 3, 2009 and returned on April 17, 2009. He stated that Jamie tried to prevent him from returning to this country. Hari stated that when he returned from India, Jamie locked him out of their home. He stated that he retained an attorney, and that his divorce from Jamie was final in October, 2009.

{¶ 8} Hari testified that he did not know that McNamee withdrew from the underlying matter. He stated that he learned that Jamie had filed for bankruptcy protection, and he learned from her that the underlying matter was accordingly dismissed. Hari identified a copy of his divorce decree and stated his understanding that pursuant to the decree, Jamie was required to indemnify him from any judgments against The Investment Genie Realty Group. According to Hari, he never received notice that the underlying matter was reactiviated. Hari stated that he learned about the judgment against him by happenstance in May, 2012. He stated that he did not receive notice before the judgment against him was issued.

{¶ 9} The court's docket reflects that the underlying action was commenced on October 24, 2008, and that Hari was named in the complaint as " Harie (sic) Paliath DBA the Investment Genie Realty Group AKA TIG Realty Group." The docket reflects that McNamee filed a motion to withdraw as counsel on June 4, 2009, that counsel for Plaintiffs opposed the

motion, and that McNamee filed a reply in support of the motion to withdraw. On July 3, 2009, the court sustained McNamee's motion. The docket reflects that the matter was dismissed without prejudice by the court on February 4, 2010, due to federal bankruptcy proceedings. The docket reflects that the matter was reinstated on November 18, 2010, upon the application of counsel for plaintiffs.

{¶ 10} Hari's affidavit, which is attached to his motion for relief from judgment, provides:

＊ ＊ ＊

3. That he had no idea that he was unrepresented after Michael McNamee withdrew from representation in his case, and relied upon his ex-wife, her attorney, and the court to protect him, and received no notice ever to the contrary;

4. That he received no notices concerning any events in this case from other counsel, from the court, or otherwise concerning the case after Michael McNamee withdrew, that he had no knowledge of the approved withdrawal of Mr. McNamee, and that the Court's docket reflects no sharing of a scheduling order, pleadings or other filings of any nature with him as what he now understands to have been a continuing unrepresented defendant herein;

5. That the attached divorce decree, which he understood and relied upon, required his wife to indemnify him and take on individual responsibility for all business liabilities ＊ ＊ ＊;

6. That he never had personal responsibility for any activities associated with the subject claims herein, did not have a "dba" or any LLC, has a complete

and total personal defense to any claims set forth against him individually and as a "dba" insofar as he never acted as an individual in any business matters and was at worst simply a "member" of an LLC, who simply did some estimates as an employee for Miami Valley Home Improvement, LLC having no role with "Investment Genie" as a dba or otherwise;

7. That he first learned of this judgment, by happenstance, in reviewing credit information in May, 2012;

8. That any failure to previously act is excusable given his lack of any knowledge of Ohio legal process;

9. That he has a complete defense to the claims herein;

10. That he has acted promptly to seek legal counsel in this matter promptly (sic) after he learned of the judgment.

{¶ 11} The attached final decree of divorce between Hari and Jamie provides in part as follows:

\* \* \*

5. **Business Entities**

IT IS ORDERED that the Plaintiff/Wife shall retain as her separate property all right, title and interest in the following business entities, free and clear of any claims by the Defendant/Husband:

Miami Valley Custom Homes, LLC;
Miami Valley Home Improvements, LLC;
A-1 Property Management Services, Ltd.;
The Investment Genie Realty Group, LLC;

IT IS ORDERED that the Plaintiff/Wife shall retain any and all assets of

the aforesaid business entities including, but not limited to real estate, vehicles, equipment, bank accounts, accounts receivable, or any other assets of said businesses, free and clear of any claims by the Defendant/Husband.

IT IS ORDERED that the Plaintiff/Wife shall be responsible for any and all debts associated with the aforesaid business entities including, but not limited to ordinary and necessary business expenses, mortgages, credit card debts, accounts payable, judgment against any of the business entities or any other debts of said businesses, and shall indemnify and hold the Defendant/Husband completely harmless thereon.

{¶ 12} As the trial court correctly noted, Hari demonstrated that he has a meritorious defense to the claims against him, namely that he was merely a member of an LLC through which Jamie conducted business, that he took no action with respect to the LLC that would subject him to individual liability, and that the final decree of divorce requires Jamie to indemnify him on all liabilities related to the business. Further, Hari established that he is entitled to relief under Civ.R. 60 (B)(1). As the trial court noted, after McNamee withdrew from the case, Hari received no notice of subsequent filings, including the Final Pretrial Order. He testified that he learned from Jamie that the matter had been dismissed, and he only learned of the judgment against him by happenstance. The judgment of March 29, 2012, reflects that copies thereof were sent to counsel for Jamie and counsel for Keller Williams, and it does not reflect notice to Hari. Finally, Hari's motion for relief from judgment was timely filed, as the trial court noted, three months after judgment was entered against him, and a month after he became aware it. Since Hari is entitled to relief from judgment for "mistake, inadvertence, surprise or excusable neglect,"

an abuse of discretion is not demonstrated.   The Appellants' assigned error is overruled, and the

judgment of the trial court is affirmed.

. . . . . . . . . .

FROELICH, P.J. and HALL, J., concur.

Copies mailed to:

Laurence A. Lasky
Gary J. Leppla
Philip J. Leppla
Paul M. Courtney
Christopher S. Peifer
Hon. Barbara P. Gorman